## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC; LAWRENCE BARTON d/b/a LEGEND MEATS, LLC; ENCORE PIANO & ORGAN MOVING, LLC; ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC; and WEST LUMBER & BUILDING SUPPLY CORP; individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>MITSUBISHI FUSO TRUCK OF AMERICA, INC.,<br><br>     Defendant. | Civ. No. 14-cv-06046-DEA<br><br>*Document electronically filed.* |

### DECLARATION OF JAMES C. SHAH IN SUPPORT OF MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF SETTLEMENT, AND APPROVAL OF CLASS NOTICE

I, James C. Shah, hereby state as follows:

  1.  I am a partner at the law firm of Shepherd, Finkelman, Miller & Shah, LLP. I am admitted to practice in California, New Jersey, New York, Pennsylvania and Wisconsin, as well as multiple circuit and federal courts. I have personal knowledge of the matters discussed herein, and, if called as a witness, could testify competently thereto. I am submitting this declaration in support of the Plaintiffs' Motion for Certification of Settlement Class, Preliminary Approval of Settlement, and Approval of Class Notice.

  2.  Attached as **Exhibit 1** is the proposed Class Action Settlement Agreement and Release ("Agreement").

3. Plaintiffs believe that the proposed settlement with Defendant, Mitsubishi Fuso Truck of America, Inc. ("MFTA" or "Defendant"), is fair, reasonable, adequate, and is in the best interests of the members of the Settlement Class.

4. The proposed Settlement Class satisfies Rule 23(a)'s numerosity requirement. Here, based on documents and warranty data produced, MFTA sold approximately 10,000 Subject Vehicles.

5. Plaintiffs allege that the emissions systems and technology in the Subject Vehicles are materially identical and that the emissions systems were manufactured to accomplish emission reduction in exactly the same way, and that emission system failures were diagnosed and "repaired" in the same way. Likewise, Plaintiffs allege that the transmissions are materially identical. Plaintiffs also allege that the emissions systems and transmissions were repaired in the same way, using the same protocols and diagnostic tools, and that MFTA captured repair data. In addition, there is a single Operation and Maintenance Manual for all Subject Engines and transmissions.

6. The Representative Plaintiffs and the Class they seek to represent share common interests with respect to seeking compensation for defective Subject Vehicles that they all purchased. By proving their own claims, Plaintiffs would necessarily help to prove the claims of their fellow Class members. In addition, Plaintiffs have no interests that are antagonistic to the Class.

7. Class Counsel have performed a great deal of work investigating the facts underlying the litigation, engaging in discovery, and are experienced class action litigators familiar with the legal and factual issues involved and are each highly qualified.

8.     Attached hereto as **Exhibits 2-5** are the firm resumes of Shepherd, Finkelman, Miller, & Shah, LLP (**Exhibit 2**), Donovan Litigation Group, LLC (**Exhibit 3**), Murphy Law Firm (**Exhibit 4**) and Axler Goldich, LLC (**Exhibit 5**).  The work done by these counsel (collectively "Class Counsel") since their appointment provides a substantial basis for a finding that they satisfy each applicable criterion under Rule 23(g), and are well qualified to serve as Class Counsel.

9.     There has been extensive information exchange and informal discovery on both sides, more than a sufficient amount for the parties to appreciate the merits of the case.  The Agreement represents the culmination of extensive and intensive arm's-length negotiations over the course of many months.

10.     Plaintiffs were represented in the settlement negotiations by a team of attorneys who have had considerable experience in complex, auto-defect class actions, and who are therefore well-versed in the issues.

11.     Defendant was similarly represented by counsel with extensive experience defending auto-defect class actions and complex litigation matters.  The settlement negotiations were contested and conducted in good faith.

12.     These firms have performed a great deal of work investigating the facts underlying the litigation and have otherwise prepared these cases for a putative class action; and they have negotiated and executed the Agreement.

13.     This action was commenced by Q+Food on September 29, 2014. (ECF 1.)  Prior to initiating the action, Class Counsel spent considerable time investigating the issues, including the Subject Vehicle emission and transmission failures and repair issues, with Q+Food and a

number of other potential Settlement Class Members, as well as investigating the scope of the problems with the Subject Vehicles.

14. In addition, Class Counsel researched the various laws potentially applicable to the claims, including applicable state law.

15. Subsequent to the commencement of the action, Class Counsel spent considerable time investigating the claims of Plaintiffs Legend Meats, Encore Piano, All American Moving, and West Lumber and researching the various laws applicable to those claims, including, but not limited to, Ohio, California, New Jersey, and Pennsylvania law.

16. Defendant filed a Motion to Dismiss the initial Complaint and Motion to Strike Class Allegations on December 8, 2014 (ECF 21, 22.)

17. The parties met and submitted a Proposed Joint Discovery Plan and thereafter, on January 5, 2015, exchanged Initial Disclosures.

18. The parties attended an Initial Conference on January 6, 2015 before this Court.

19. Following extensive briefing, the Court entered an Opinion on July 30, 2015 (ECF 31), denying the Motion to Strike Class Allegations and granting, in part, the Motion to Dismiss. Thereafter, the parties commenced a dialogue to determine whether a framework could be developed to resolve the matter.

20. Ultimately, the parties agreed to utilize the services of the Honorable Edward A. Infante (Ret.), a well-respected neutral with JAMS. The parties participated in four in-person mediation sessions with Judge Infante between November 2015 and June 2016. Both during and after that time frame, the parties also exchanged additional information and engaged in telephonic negotiations with Judge Infante.

21. Plaintiffs filed their Amended Class Action Complaint ("Amended Complaint") on October 19, 2016. (ECF 49.)

22. The Amended Complaint alleges that the Subject Vehicles contain emissions and transmission system defects and fail to operate under all conditions and all applications on a consistent and reliable basis even after repeated emission and transmission warranty repairs and replacements. Plaintiffs allege the emissions technology has resulted in the repeated failure of the Diesel Exhaust Fluid ("DEF") handlers, the fuel injectors, the crank case pressure sensors and breather, the catalytic converter muffler, the DEF tank internal sensor, the engine protection system, the EEC programming, as well as a lack of power that have caused the Subject Vehicles to stall or not restart.

23. Plaintiffs' alleged damages included lost income, diminished value of the Subject Vehicles, out-of-pocket costs such as out of warranty repairs, towing costs, vehicle rental costs, storage costs, and related hotel/taxi charges.

24. MFTA has always denied and continues to deny that the Subject Vehicles are defective or that it violated any laws, and disputes all of Plaintiffs' material allegations.

25. The Agreement provides for a robust Notice program in accordance with Rule 23, which includes undertaking all reasonable efforts to obtain the names and mailing addresses of Settlement Class Members in order to facilitate issuance of Notice by direct mail.

26. Through a competitive bidding process in which the parties solicited bids from different vendors, the parties selected Kurtzman Carson Consultants, LLC ("KCC") as Settlement Administrator to facilitate issuance of notice (and ultimately administer the claims).

27. Plaintiffs propose that a Detailed Notice and Claim Form will be sent by United States Postal Service ("USPS") first class mail. Prior to mailing, the postal mailing addresses

5

will be checked against the National Change of Address database maintained by the USPS, which contains records of all reported permanent moves for the past four years. All addresses will be verified by the Settlement Administrator. (*See* Declaration of Carla A. Peak.) Notices returned as undeliverable will be re-mailed to any new address available through postal service information and upon successfully locating better addresses, Notices will be promptly re-mailed. Additionally, the Long Form Notice and Claim Form will be mailed to all persons who request one via the toll-free telephone number maintained by the Settlement Administrator.

28. The Long Form Notice will describe the nature of the claims and describe the Settlement and the Settlement Class. It will also include the deadline to object to or opt out of the Settlement, the consequences of and procedures for objecting and opting out, as well as the date of the final Fairness Hearing, date for submitting the Claim Form and all other important dates. The Notices also state that Class members can enter an appearance through counsel, if desired.

29. Further, there will be a neutral, informational, Settlement website where potential Settlement Class members can obtain additional information and documents, including the Agreement, Preliminary Approval Order, detailed descriptions of the types of Subject Vehicles involved, answers to frequently asked questions and any other information that the parties agree to provide or that the Court may require. Additionally, Settlement Class Members will be able to file claims online. Finally, a toll-free number will be established, and postal mailing address and email address will be provided, allowing Settlement Class Members to request additional information via these channels.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 19, 2016

                                        s/James C. Shah
                                        James C. Shah