# Exhibit 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC, LAWRENCE BARTON d/b/a LEGEND MEATS, LLC; ENCORE PIANO & ORGAN MOVING, LLC; ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC, and WEST LUMBER & BUILDING SUPPLY CORP; individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>MITSUBISHI FUSO TRUCK OF AMERICA, INC.,<br><br>             Defendant. | Civ. No. 14-cv-06046-MAS-DEA<br><br>*Document electronically filed.* |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement is made and entered into, subject to final approval of the Court and entry of final judgment of dismissal with prejudice, by and between Plaintiffs, Q+ Food, LLC, Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp., on behalf of themselves and the Settlement Class, as defined below, on the one hand, and Defendant, Mitsubishi-Fuso Truck of America, Inc. (Defendant or "MFTA"), on the other hand, to settle and compromise the Litigation and settle, resolve, and discharge the Released Claims, as those terms are defined below, according to the terms and conditions herein.

WHEREAS, MFTA is a corporation organized under the laws of the State of Delaware;

WHEREAS, on behalf of a class of similarly situated persons, Plaintiffs have alleged damages arising out of alleged defects concerning the engine, emissions system and transmissions in model year 2012-16 Mitsubishi-Fuso Canter vehicles[1];

WHEREAS, MFTA denies all of the material allegations made by Plaintiffs in the Litigation and denies any wrongdoing or liability of any kind.

WHEREAS, the Settling Parties have vigorously litigated their respective positions in connection with all aspects of the Litigation;

WHEREAS, as a result of over a year of the Litigation, the Settling Parties and their counsel are thoroughly familiar with the factual and legal issues presented by their respective claims and defenses and recognize the uncertainties as to the ultimate outcome of the Litigation, and that any final result would require years of further complex litigation and substantial expense;

---

[1] Filed herewith, with consent of Defendant, is Plaintiffs' Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint filed by Plaintiffs Q+ Food LLC, Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp. is filed on behalf of all Settlement Class Members, as defined below. The Parties agree to certification of the Settlement Class (as defined below) for purposes of effectuating the Settlement contemplated by this Settlement Agreement only.

WHEREAS, Plaintiffs and their counsel have, during the course of the litigation reviewed thousands of pages of documents; consulted with experts; litigated a motion to dismiss, a motion to strike class allegations, drafted and filed an amended complaint and have prepared to file a class certification motion;

WHEREAS, Class Counsel believe that the claims Plaintiffs have asserted have merit; however, Class Counsel also recognize that (a) it would be necessary to continue prosecuting the Litigation against MFTA through a trial and, even if successful there, through the series of appeals which MFTA has indicated it would take, including appeals from the class certification order, from any judgment or from any jury verdict (and any further trials that might be necessary in the wake of an initial appeal), all of which would delay substantially the Settlement Class Members' receipt of benefits from the Litigation, and (b) that there are significant risks in this Litigation, the outcome of which is uncertain; therefore, balancing the costs, risks, and delay of continued litigation against the benefits of the settlement to the Settlement Class, Class Counsel have concluded that settlement as provided in this Agreement will be in the best interests of the Settlement Class as defined herein;

WHEREAS, this Agreement was entered into after extensive arms'-length discussions and negotiations between Class Counsel and Defense Counsel on numerous occasions over several months, including four formal in-person settlement conferences and multiple telephone conferences before a third-party mediator the Honorable Edward Infante (Ret.) of JAMS;

WHEREAS, Defense Counsel and Class Counsel agree that the settlement contemplated by this Agreement is a fair, reasonable, and adequate resolution of the Litigation;

WHEREAS, the Settling Parties desire to compromise and settle all issues and claims that have been brought, or that could have been brought, against MFTA in this Litigation;

WHEREAS, the Settling Parties desire and intend to seek Court approval of the settlement of the Litigation as set forth in this Agreement and, upon such judicial approval, the Settling Parties intend also to seek a Final Order and Judgment from the Court dismissing the claims of the Plaintiffs and all Settlement Class Members with prejudice;

NOW, THEREFORE, it is agreed that in consideration of the promises and mutual covenants set forth in this Agreement and the entry by the Court of a Final Order and Judgment approving the terms and conditions of the settlement as fair, adequate and reasonable as set forth in this Agreement, and providing for dismissal with prejudice of the claims asserted in the Litigation under the terms and conditions contained herein, the Settling Parties do hereby agree as follows:

1.  **DEFINITIONS**

As used in this Agreement (which, as defined below, includes the accompanying Exhibits), the following terms have the meanings set forth below.

1.1.    "Agreement" means this Class Action Settlement Agreement and Release, including the notices and other documents contemplated by this Class Action Settlement Agreement and Release, and any amendments thereto.  The Agreement may alternatively be referred to as the "Settlement."

1.2.    "Attorneys' Fees, Costs and All Other Expenses" means the settlement amounts approved by the Court for payment to Class Counsel to cover attorneys' fees, costs, and all other expenses, including but not limited to service awards for Plaintiffs, all costs and expenses of addressing objections and appeals, any claims for attorneys' fees or costs and all other possible expenses by others.

1.3.    "Class Counsel" means James C. Shah and Natalie J. Finkelman Bennett of Shepherd, Finkelman, Miller & Shah, LLP ("Shepherd Finkelman"), Michael D. Donovan of Donovan Litigation Group, LLC ("DLG"), Robert W. Murphy of the Murphy Law Firm("Murphy) and Marc Goldich of Axler Goldich, LLC ("Axler Goldich").  Lead Class Counsel shall mean Shepherd Finkelman, DLG, Murphy and Axler Goldich.

1.4.    "Claim Form" means the claim form, with the language and substantially in the form set forth in **Exhibit 2** to this Agreement, which form must be timely completed and submitted for a Settlement Class Member to be eligible for the remedies provided under the

terms of this Agreement, including but not limited to reimbursement of out-of-pocket expenses and other compensation.

1.5.    "Claims Period" means the time by which all Claim Forms must be postmarked to be considered timely.  The Claims Period shall run for ninety calendar (90) days after the Fairness Hearing.

1.6.    "Claim Validation Process" shall mean the process approved by the Court as contemplated in Section 6.

1.7.    "Court" means the Honorable Judge Douglas E. Arpert of the United States District Court for the District of New Jersey, or the Judge of the District of New Jersey assigned to preside over the Litigation if not Judge Arpert.

1.8.    "Defense Counsel" means MFTA's counsel of record in the Litigation, William M. McSwain and Michael Daly of Drinker Biddle & Reath LLP, as well as Alexander P. Imberg of Squire Patton Boggs (US) LLP.

1.9.    "Effective Date" means the first date by which any Final Order and Judgment entered pursuant to the Agreement becomes final.  The Final Order and Judgment entered pursuant to this Agreement becomes final on the date on which all appellate rights with respect to that Final Order and Judgment have expired without the filing of an appeal, or have been exhausted in a manner that conclusively affirms the Final Order and Judgment.

1.10.   "Final Order and Judgment" means the Order and Judgment of the Court dismissing this matter with prejudice as to MFTA and approving this Agreement, which order and judgment shall be in a form agreed upon by the Settling Parties.

1.11.   "In Service Date" means the date a Subject Vehicle is delivered to either the original purchaser or the original lessee; or if such vehicle is first placed in service as a "demonstrator" or "company" car, the date such vehicle is placed in service.

1.12.   "Litigation" means *Q+ Food LLC, et al. v. MFTA*, Case No. 14-cv-6046-MAS-DEA, pending in the United States District Court for the District of New Jersey.

1.13. "Authorized Mitsubishi-Fuso Dealer" means any dealership specifically authorized to provide warranty services for Mitsubishi-Fuso vehicles, which dealerships are identifiable by zipcode at http://www.mitfuso.com/en-US/Commercial-Truck-Dealers/Sales-and-Service.

1.14. "Net Settlement Fund" shall mean the Settlement Fund less (subject to Court approval) (1) Service Awards in the respective sums of $30,000 for Q+ Food LLC  and $15,000 each for Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp.; and (2) attorneys' fees and costs deemed reasonable by the Court up to and not to exceed 25% of the Settlement Fund plus reasonable expenses, not to exceed $100,000; and (3) Notice and Administration Expenses.

1.15. "Notice" means the Court-approved form of notice of this settlement to the Settlement Class, as described in Section 6 below and **Exhibit 1**.

1.16. "Notice Plan" means the plan for disseminating Notice to the Settlement Class and as required by the Class Action Fairness Act (28 U.S.C. § 1715), as described in Section 6 below.

1.17. "Plaintiffs" or "Class Representatives means the named plaintiffs in the Litigation, *i.e.*, Q+ Food LLC, Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp.

1.18. "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.19. "Preliminary Approval Order" means the order to be entered by the Court pursuant to the Settlement, substantially in the form attached hereto as **Exhibit 3**.

1.20    "Proof of Repair" means, pursuant to the claims procedure described in Section 4 below, proof that a Qualifying Repair was performed on a Subject Vehicle and/or that a qualifying expense was incurred.  Such proof shall require that a Settlement Class Member verify all of the following:  (1) Vehicle Identification Number; (2) approximate dates of ownership/lease (purchase and disposition dates); (3) submission of itemized repair orders (or similar itemized invoices) establishing that the Qualifying Repair was performed and/or that a qualifying expense was incurred; (4) if seeking reimbursement under Section 4.7(B), below, proof of payment for the allowed costs created at or near the time of the repairs and as part of the same transaction; (5) specific averment that the Subject Vehicle was not abused or misused; and (6) a signed claim form under penalty of perjury averring to the accuracy and truthfulness of all facts set forth.

1.21.    "Qualifying Repair" means a repair or replacement outside of the regular service intervals, performed on or before  the date that the Preliminary Approval Order is entered, relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles.  Repairs or replacements made due to a recall or service campaign shall not be considered a Qualifying Repair.  Multiple repairs or replacements relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles during a single service visit count as a single Qualifying Repair.

1.22.    "Released Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that Plaintiffs or any Settlement Class Member has or may have against the Released Parties that arises out of or is related in any way to the subject matter of this Litigation.  The Released Claims expressly do not

include claims for personal injury, wrongful death or property damage to property other than the Subject Vehicle.

1.23.    "Released Parties" means MFTA and each of its current or former administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates (including without limitation Mitsubishi-Fuso Truck and Bus Corp. and Daimler AG), and all other entities, including without limitation manufacturers, suppliers, and distributors (including wholesale and retail distributors), and affiliated dealerships, and all of the foregoing persons' or entities' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, representatives, as well as their insurers.

1.24.    "Service Awards" mean the sums sought on behalf of the Plaintiffs, and approved by the Court, in recognition of their efforts in the Litigation.

1.25.    "Settlement Administrator" means KCC LLC, the qualified third-party selected jointly by the Settling Parties to administer the settlement, including implementation of the Notice Plan and certain aspects of the Claim Validation Process.

1.26.    "Settlement Class" means:

All current and former owners and lessees of the Subject Vehicles, who purchased or leased them within the United States.

Excluded from the Settlement Class are:

a)      Persons who validly and timely exclude themselves using the procedure set forth in Paragraphs 7.3-7.4;

b)      Persons who have settled with, released, or otherwise had claims adjudicated on the merits against MFTA that are substantially similar to those alleged in this matter;

c)      Employees of MFTA;

d)      Insurers or other providers of extended service contracts or warranties for the vehicles owned by Settlement Class Members; and

e)      The Hon. Douglas E. Arpert, and members of his family.

1.27.   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class, irrespective of whether such Person submits a Claim Form.

1.28.   "Settlement Fund" shall mean a total of $17,500,000.00 (seventeen million, five-hundred thousand dollars and zero cents) paid by Defendant or on Defendant's behalf. Defendant's funding of the Settlement Fund shall be known as the "Payment."  Defendant shall deposit $100,000 within 7 days of the entry of the Preliminary Approval Order to fund costs of Notice.  Defendant shall deposit the remaining $17,400,000 into an interest bearing, federally insured escrow account to be established by the Settlement Administrator within 10 days of the entry of the Final Order and Judgment, where it shall be held until the Effective Date.  MFTA shall be entitled to all interest earned by the Settlement Fund up to the and including the Effective Date.

1.29.   "Settling Parties" means, collectively, Plaintiffs, all Settlement Class Members and MFTA.

1.30.   "Special Master" means the Person selected pursuant to Paragraph 7.6.  The costs of such Special Master shall be considered an administrative fee payable from the Net Settlement Fund.

1.31.   "Subject Vehicles" are all model year 2012-2016 Mitsubishi-Fuso Canter trucks designed and manufactured for distribution in the United States of America and its territories.

1.32.   The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## 2.   DENIAL OF ANY WRONGDOING AND LIABILITY

2.1.   MFTA denies the material factual allegations and legal claims asserted by the Plaintiffs and Settlement Class in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

**3.**     **THE BENEFITS OF SETTLEMENT**

3.1.     Class Counsel have satisfied their due diligence duty to the Settlement Class, and conducted a thorough examination and investigation of the law and facts, including substantial discovery relating to the matters set forth in the class action complaint and any amendments thereto giving rise to this Agreement and the claims set forth therein.  For example, Plaintiffs and Class Counsel have, during the course of the litigation reviewed thousands of pages of documents; consulted with experts; litigated a motion to dismiss, a motion to strike, researched, drafted and filed an Amended Complaint and have prepared to file a class certification motion. Class Counsel, as well as the Plaintiffs, recognize and acknowledge the expense, effort, and length of continued proceedings that would be necessary to prosecute the Litigation against MFTA through trial and appeals.  They also took into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this nationwide class action Litigation, as well as the difficulties and delays inherent in such litigation.  They are mindful of the inherent problems of proof of, and available defenses to, the claims asserted in the Litigation.  Class Counsel believes that the proposed Settlement confers substantial benefits upon the Settlement Class.  Based on their evaluation of all of these factors, Class Counsel and Plaintiffs have determined that the settlement is in the best interests of Plaintiffs and the Settlement Class. Arms'-length, adversarial settlement negotiations have taken place between Class Counsel and MFTA over a period of half a year.  As a result, this Agreement has been reached, subject to Court approval.

**4.**     **SETTLEMENT CONSIDERATION**

4.1.     Settlement Fund.  Defendant will pay $17,500,000 to establish a common fund for the benefit of the Settlement Class, on the schedule set forth above in Section 1.28.

4.2     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrators" of the Settlement Fund shall be the Settlement Administrator designated by the Settling Parties and approved by the Court. The Settlement Administrator shall timely and properly file or cause to be filed on a timely basis all

tax returns necessary or advisable with respect to the Settlement Fund (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. §1.468B-2(1)).

4.3     Subject to Section 1.28 above, the Settlement Fund shall be invested, at the sole discretion of the Settlement Administrator, in a United States treasury money market fund subject to the regulations of the United States Securities and Exchange Commission or United States Government Treasury Bills or Notes of no more than six (6) months' duration, provided however that when disbursement of some or all of the Settlement Fund is approved by the Court, the necessary funds may be transferred into and paid out of a federally insured bank account.  All interest earned on the Settlement Fund after the Effective Date shall become and remain part of the Settlement Fund.  For avoidance of doubt, in accordance with Section 1.28 above,  in the event the Settlement is voided or not approved, all interest earned while deposited in said escrow account prior to the Effective Date reverts to Defendant.

4.4     In no event shall the Defendant bear any risk or have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration or any losses associated therewith.

4.5     Plaintiffs and Class Counsel shall be reimbursed, indemnified, and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees, costs and expenses. Defendant shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, and all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund. In no event shall Defendant be obligated to pay anything in addition to the Settlement Fund as described herein, including without limitation class notice costs, attorneys' fees, payments to the named Plaintiffs for their efforts on behalf of the Settlement Class, settlement administration costs, taxes, or any other cost or expense arising from or to be paid as part of this Agreement. Except as provided in

Section 4.6 hereto, no payment shall be made out of the Settlement Fund prior to the Effective Date, and then, only as approved by the Court.

4.6     Prior to the Effective Date, (i) up to $100,000 of the Settlement Fund may be used to give notice of the Settlement to Settlement Class Members and for settlement administration costs, and (ii) any amount of the Settlement Fund may be used to pay required taxes on income earned on the Settlement Fund. Except as otherwise provided in this paragraph, any disbursement from the Settlement Fund, including disbursements to the Settlement Class, for attorneys' fees, costs and expenses, and Service Awards to Plaintiffs, shall be made only upon approval and order of the Court, and only after the Effective Date.

### Distribution of the Net Settlement Fund

4.7     This is a cash common fund settlement. There will be no reversion of the Settlement Fund to Defendant.  All Settlement Class Members who submit a claim that is approved, will receive a check representing a pro rata share of the Net Settlement Fund according to the following guidelines:

A.     Those Settlement Class Members who submit a claim with a Proof of Qualifying Repairs performed on or before the end of the Claims Period shall each be eligible for but not guaranteed a payment according to the following schedule:

i.     Settlement Class Members whose Subject Vehicle experienced **no** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $250.00 for that vehicle.

ii.     Settlement Class Members whose Subject Vehicle experienced **1-3** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $2,000 for that vehicle.

iii.     Settlement Class Members whose Subject Vehicle experienced **4-6** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $4,000 for that vehicle.

        iv.       Settlement Class Members whose Subject Vehicle experienced **7 or more** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $6,000 for that vehicle.

        B.       In lieu of seeking payment under 4.7(A)(i-iv), each eligible Settlement Class Member whose Subject Vehicle experienced at least one (1) Qualifying Repair shall have the option, but not the obligation, to submit proof to the Settlement Administrator documenting consequential losses up to a maximum of $10,000 experienced by the Settlement Class Member as a consequence of Qualifying Repairs. Such losses shall include only the following out-of-pocket expenses:  The cost of the Qualifying Repair itself, costs of towing, replacement truck rental, vehicle retrieval, storage for a disabled vehicle, travel and hotels.  In the event the Settlement Class Member seeks payment pursuant to this optional prove up process, the Settlement Class Member cannot seek payment under 4.7(A)(i-iv).

        C.      **Buyback Option**.  In addition to seeking payment under Section 4.7 (A) or (B) above, a Settlement Class Member who currently owns or leases a Subject Vehicle, which has had **9 or more** Qualifying Repairs (<u>regardless of ownership</u>), has a mileage of at least **110,000 miles** on or before the date that the Preliminary Approval Order is entered, <u>and</u> **has not had emissions recall C1008400 performed**, can request that it be bought back for fair market value. Fair market value of the cab and chassis will be determined based on the average wholesale Black Book value on the Effective Date.   Upfitted body components will be compensated at a flat rate of $1,500.  Alternatively, the Settlement Class Member may select to not turn in the upfitted body components and will be compensated actual costs of up to $1,500 for the costs and labor associated with the removal or transfer of such upfitted body components from the Subject Vehicle to a different truck.  A Settlement Class Member taking this buyback option shall cooperate with the Settlement Administrator and Defendant and execute such documents and take all steps necessary to transfer possession of and clear title to the Subject Vehicle.  On the day the Subject Vehicle is turned in, it must be registered, insured and driven under its own power to the Authorized Mitsubishi-Fuso Dealer or other location attending to the buyback.

       i.      **Leased Vehicles**.  If a Settlement Class Member is leasing a Subject Vehicle that is otherwise eligible for the buyback, the Settlement Administrator will contact both the Settlement Class Member and lienholder to facilitate discussion about whether an agreement can be reached to terminate the lease.  However the contribution from the Settlement Fund cannot exceed the amounts described in Paragraph 4.7 (C), and Subject Vehicle must be turned in as per Paragraph 4.7 (C).

       ii.      **Trade-in Option**.  If the buyback amount offered in accordance with 4.7 (C) is accepted by the Settlement Class Member (or turns in a leased truck per 4.7 (C)(i)), he/she can also claim a purchase credit for the purchase of a new Mitsubishi-Fuso Canter truck that is subject to the conditions below.  The purchase credit varies as follows, depending on the Class of vehicle purchased:

- Class 3 truck: $2,000;
- Class 4 truck: $3,000; or
- Class 5 truck: $5,000

For avoidance of any doubt, in contrast to all other consideration paid to the class members, this purchase credit is being financed by MFTA, and is not being paid out of the Settlement Fund. The purchase credit is valid for 1 year (12 months) from the date of issue and is not transferable. The purchase credit can only be used for the purchase of a new Mitsubishi-Fuso Canter and may not be applied to a vehicle already owned by the Settlement Class Member, or for any other purpose.  However, the purchase credit may be combined with any other offer available to the general public

       D.      In the event that there are multiple claimants on any aspect of a claim to a single Subject Vehicle (e.g., who claim a given Qualified Repair), any dispute as to the allocation between such claimants shall be resolved by a Special Master selected by the parties and approved by the Court.  Upon receiving notice from the Settlement Administrator that another claimant is also asserting a right to claim a specific Qualified Repair, the Settlement Class Member has 30 days to submit documentation and any explanation affirming their right to that

specific Qualified Repair. The Special Master shall issue its finding within 10 days of receipt of documentation from all interested Settlement Class Members. The Special Master's decision is final.

E.     The benefits specifically set forth above in Section 4.7(A)-(B), (hereinafter referred to as "Distribution Benefits") are all subject to pro rata distribution from the net Settlement Fund, which pro rata Distribution Benefits will be determined by the Settlement Administrator following the processing of all eligible claims. The precise number of eligible claims cannot be determined in advance. The Distribution Benefits actually paid will exhaust the Net Settlement Fund such that actual Distribution Benefits may be either greater or less than the stated amounts and will be a pro rata distribution of the Net Settlement Fund, depending upon the ultimate participation by the Class in the Settlement claims process. In the event that after calculating distribution of Distribution Benefits to the Class as set forth in Section 4.7(A)-(B), described above, there would be sufficient funds to pay additional funds to each Claimant, then such funds will be distributed to each Claimant according to the same proportions set forth above. In the event that after calculating distribution of Distribution Benefits to the Class as set forth in Section 4.7(A)-(B) described above, there would be insufficient funds to pay the amounts set forth above, then each Settlement Class Member's distribution will be reduced pro rata. All of the above target distribution levels are subject to pro rata adjustment (either up or down) depending upon the number of valid claims filed.

F.     Monies left in the Settlement Fund due to uncashed checks (i.e., per 7.7 below, 180 days have passed since the check was issued and it has expired) will be subject to *cy-près* distribution. The Settling Parties agree that such monies will be donated to the Center for Automotive Research at Stanford University. Such distribution will occur 30 days after the expiry date of the last check issued.

### Plaintiffs and the Settlement Class Members' Release Obligations

4.8.     Upon the entry of the Final Order and Judgment, Plaintiffs, on behalf of the themselves and all Settlement Class Members and their current and former/predecessor agents,

heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, shareholders, owners associations, and any and all persons who seek to claim through or in the name or right of any of them (the "Releasing Parties"), release and forever discharge (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), the Released Parties from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles, including without limitation all claims, damages, punitive or exemplary damages, fees, costs, expenses or liability on any legal or equitable ground whatsoever, and regardless of whether such claims might have been or might be brought directly or indirectly, or through subrogation or assignment or otherwise, on account of or related to claims that the emissions-related engine and after-treatment system components, as well as transmission components in the Subject Vehicles are inadequate or of poor or insufficient quality or defective, due to wear or otherwise, which were alleged or could have been alleged in the Litigation or in similar actions.

4.9.    The releases provided for herein are as a result of membership as a Settlement Class Member to this Agreement or status as a Person with a legal right to assert claims of a Settlement Class Member, the Court's approval process herein, and occurrence of the Effective Date, and are not conditional on receipt of payment by any particular member of the Settlement Class.  It is the intent of the Settling Parties and this Agreement that Persons who, after the date of the Preliminary Approval Order, acquire legal rights to assert claims within the scope of this Agreement that belong initially to a Settlement Class Member shall take such rights subject to all of the terms, time periods, releases, caps, and other provisions contained herein.

4.10.   The release provided by this Agreement shall be and is broad and expansive and shall include the release of all damages, burdens, obligations of liability of any sort, including, without limitation, penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or

expenses, which might otherwise have been made in connection with any claim that the emissions-related engine and after-treatment system components, as well as transmission components in the Subject Vehicles, are inadequate or of poor or insufficient quality or defective.

4.11.   The release includes all claims that the Releasing Parties have or may hereafter discover including, without limitation, claims, injuries, damages, or facts in addition to or different from those now known or believed to be true with respect to any matter disposed of by this Settlement.  The Releasing Parties have fully, finally, and forever settled and released any and all such claims, injuries, damages, or facts, whether known or unknown, suspected or unsuspected, contingent or non-contingent, past or future, whether or not concealed or hidden, which exist, could exist in the future, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future related to matters arising from or in any way related to, connected with, or resulting from emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles, including, but not limited to, conduct which is negligent, reckless, willful, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

4.12.   The Releasing Parties shall be deemed by operation of the Final Order and Judgment in the Litigation to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which the releases herein are a part.  The Releasing Parties expressly and intentionally waive any and all rights and benefits which they now have or in the future may have under the terms of the law (whether statutory, common law, regulation, or otherwise) of any other state or territory of the United States as related to matters arising from or in any way related to, connected with, or resulting from emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles.

4.13.   Class Counsel shall cooperate with Released Parties to ensure that the releases set forth in the Final Approval Order are given their full force and effect (including by seeking the

inclusion of the releases in the Final Order and Judgment and the Claims Forms) and to ensure that Releasing Parties comply with their obligations set forth in this Agreement.

4.14.    In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(or any other like provision or principle of law of any jurisdiction) in connection with any emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles, the Releasing Parties and each of them expressly waive the provision of California Civil Code § 1542 (or any other like provision or principle of law of any jurisdiction) to the full extent that these provisions may be applicable to this release.  Each of the Releasing Parties hereby does, and shall be deemed to, have considered the possibility that the number or magnitude of all claims may not currently be known; nevertheless, each of the Releasing Parties assumes the risk that claims and facts additional, different, or contrary to the claims and facts that each believes or understands to exist may now exist or may be discovered after the settlement becomes effective.  Each of the Releasing Parties agrees that any such additional, different, or contrary claims and facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect.  Nothing in this paragraph shall be construed as modifying or limiting the other provisions of the settlement concerning the potential availability of claims.

4.15.    It is the intent of the Settlement Class Members that no Releasing Party shall recover, directly or indirectly, any sums for claims released by operation of this Agreement, including, without limitation, to the claims settled and released herein, from the Released Parties, other than sums received under this Agreement and that the Released Parties shall have no

- 17 -

obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Agreement.

## 5.   PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

5.1    Promptly after execution of the Settlement Agreement by all Parties, Class Counsel shall take necessary steps to seek preliminary approval of the Settlement and the Parties shall work in good faith to obtain preliminary approval of this Settlement from the Court, which shall be substantially in the form of Exhibit **3** attached hereto. Without limitation, the Court shall be asked, with the input of Defendant, to:

A. preliminarily certify the national Settlement Class for settlement purposes in this Action only;

B. approve the terms and conditions of this Settlement Agreement and find this Settlement sufficiently fair, reasonable, and adequate to allow Notice to be disseminated to the Settlement Class;

C. approve the form, content, and manner of the agreed upon Notice to Settlement Class, the method of Notice, the Class Claim Form, and the procedure for submitting Claims, all as a part of Preliminary Approval;

D. set a schedule for proceedings with respect to final approval of this Settlement;

E. provide that, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Defendant or other Related Released Persons asserting any of the Released Claims; and

F. stay the Litigation, other than such proceedings as are related to this Settlement.

5.2.     For settlement purposes in this Litigation only, the Parties agree that the Court may enter an order conditionally certifying the Settlement Class, appointing Plaintiffs Q+ Food LLC, Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp. as representatives of the Settlement Class, and appointing Shepherd Finkelman, DLG, Murphy and Axler Goldish as Class Counsel.

5.3.     Conditional certification of the Settlement Class for this Action only and appointment of Plaintiffs as Class Representatives and Class Counsel by the Court shall be binding only if the terms of this Settlement Agreement are given full force and effect. In the event this Settlement Agreement or any other agreement referenced herein is terminated pursuant to its terms, or a Final Approval Order and Judgment does not occur for any reason, the conditional certification of the Settlement Class and Class Counsel shall be automatically nullified with the Parties reserving all of their rights with respect to class certification.

5.4.     Whether or not this Settlement Agreement is finally approved by the Court, the Parties agree that the Settlement Agreement shall not constitute evidence of the propriety of class certification for the purposes of litigation or for trial in this Action or any other case.

**6.     NOTICE TO THE SETTLEMENT CLASS**

6.1.     As soon as practicable after the Preliminary Approval of the Settlement, the Settlement Administrator shall send to all previously identified Settlement Class Members via direct first-class mail a copy of the Notice (which shall be substantially in the form attached as **Exhibit 1** hereto).  MFTA will make best efforts to obtain Settlement Class Member information from IHS Automotive to facilitate the class notice.

6.2.     The Settlement Administrator will effectuate the Notice Plan, the cost of which will be paid from the Settlement Fund.

6.3.     Dissemination of Notice to the Settlement Class shall be accomplished pursuant to the Notice Plan.  The Settlement Administrator, along with Class Counsel and MFTA, shall be responsible for, without limitation:  (i) arranging for the mailing of Notice in the same form as

the exemplar submitted as **Exhibit 1** to this Agreement; (ii) for Settlement Class Members that own(ed) or lease(d) 15 or more Subject Vehicles, to the extent they can reasonably be identified from available data, arranging for the mailing of a single Notice identifying all such Subject Vehicles; (iii) arranging for and maintaining the Settlement website (domain to be determined); (iv) ensuring a Claim Form in the same form as the exemplar submitted as **Exhibit 2** to this Agreement, can be accessed and downloaded from the Settlement website, to be submitted by mail; (v) maintaining (for a period running through the claims process until such process is completed and checks are distributed to Settlement Class Members), an e-mail address and toll-free phone number for Settlement Class Members with questions regarding the administration of claims; and (vi) fulfilling all other aspects of the Notice Plan.

6.4.    The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement, which shall provide that the names, addresses and other information about specific Settlement Class Members provided by either MFTA, Class Counsel, or by individual Settlement Class Members shall all be treated as confidential and shall be used by the notice provider only as necessary under this Agreement.

6.5.    The Settlement Administrator or person(s) under the control and supervision of the Settlement Administrator shall mail the Notice using the same language and in substantially the same form as the mailed Notice attached hereto as **Exhibit 1** by first-class postage prepaid U.S. Mail, to Settlement Class Members who have addresses identified through the sources specified in the Notice Plan.  MFTA shall provide a list of applicable Vehicle Identification Numbers ("VINs") to the Settlement Administrator, who will obtain contact information of owners associated with each VIN from IHS Automotive, which contact information will be processed by the Settlement Administrator through the National Change of Address database (where a specific owner is known), the Coding Accuracy Support System and the Delivery Point Validation system for the purpose of verifying and updating the addresses.  Class Counsel will also be permitted to supply the Settlement Administrator with the names and addresses for the

Settlement Class Members who contacted Class Counsel's respective offices to ensure that those individuals receive the Notice.

6.6.     The Settlement Administrator shall include in the Notice, a unique code tied to each of the addresses on the updated contact list that will allow Settlement Class Members who intend to make a claim to access a Claim Form with pre-populated information on the settlement website.  The Claim Form shall use the same language and be substantially in the same form as the exemplar submitted as **Exhibit 2**.  The Settlement Administrator shall mail the Notice to the Settlement Class Members, which mailing shall be substantially completed within thirty (30) days of the entry of the Preliminary Approval Order.

6.7.     The address data shall be processed by the Settlement Administrator through the National Change of Address database for the purpose of updating the addresses as necessary. The Settlement Administrator will re-send returned Notices if an address correction appears on the returned envelope.

6.8.     Notices returned as undeliverable will be re-mailed to any new address available through postal service information.  For example, to the address provided by the postal service on returned mail pieces for which the automatic forwarding order has expired, but is still during the period in which the postal service returns the piece with the address indicated, or to a better address that may be found using a third-party lookup service ("ALLFIND," maintained by LexisNexis).  Upon successfully locating better addresses, Notices will be promptly re-mailed. Additionally, the Notice and Claim Form will be mailed to all persons who request one via the toll-free phone number maintained by the Settlement Administrator.

6.9.     The Settlement Administrator shall establish an internet web site containing information about the Settlement.  The Settlement Website will be accessible within no later than ten (10) days of the date of the Preliminary Approval Order.  The Settlement Website will set forth the following information:  (i) the full text of this Settlement Agreement; (ii) the Notice, (iii) the Preliminary Approval Order  (iv) Amended Complaint and other relevant orders of the Court; (v) contact information for Class Counsel and the Settlement Administrator; and (vi)

periodic updates on progress of the Settlement, as agreed upon by the Parties.  The Settlement Administrator shall take all appropriate steps to ensure nationwide access to the Settlement Website

6.10.    The Settlement Administrator shall also provide a copy of the Notice and/or Claim Form to any Settlement Class Member who requests the Notice and/or Claim Form.

6.11.    The Settlement Administrator will ensure that, within ten (10) days after this Agreement is filed in Court, it will serve upon the appropriate State official in each State of the United States, and the appropriate Federal official, a notice of the proposed Settlement consisting of the materials required by the Class Action Fairness Act (28 U.S.C. § 1715) ("CAFA").

6.12.    The Settlement Administrator shall work with the Parties to provide all necessary declarations to the Court regarding the measures undertaken to provide Notice in connection with the Parties' filings in advance of the Fairness Hearing.

## 7.    CLAIMS ADMINISTRATION AND CLAIMS PROCEDURE

7.1.    Only Settlement Class Members shall be eligible to make a claim.

7.2.    As a condition of its retention, the Settlement Administrator must agree that (a) it will fulfill all responsibilities and duties assigned to the Settlement Administrator under the terms of this Agreement, and (b) the Settling Parties and their Counsel, as well as the Released Parties, reserve all claims and rights for any failure by the Settlement Administrator to fulfill its responsibilities and duties.  In no event shall the Settling Parties or their Counsel or the Released Parties have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator, the Special Master, or their agents.

7.3.    The Settlement Administrator shall:

a.    use personal information acquired as a result of this Agreement solely for purposes of evaluating and paying claims under this Agreement; and

b.    assign a manager to oversee the protection and appropriate management of personal information and review its internal system to manage the protection of personal information to ensure consistent performance and constant improvement; and

c.     take security countermeasures to prevent unauthorized access to personal information, and loss, destruction, falsification and leakage of personal information; and

d.     if outsourcing the handling of personal information, determine that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of personal or confidential information, and prohibit re-use of information for other purposes; and

e.     respond immediately with appropriate measures then necessary to disclose, correct, stop using, or eliminate contents of information; and

f.     following the completion of the Claims Period and in compliance with applicable retention law, destroy all personal information obtained in connection with this settlement in a manner most likely to guarantee that such information not be obtained by unauthorized persons.

7.4.    Any Settlement Class Member who wishes to make a claim must completely fill out and sign a Claim Form that contains a release and consent to the dismissal of any pre-existing action or proceeding in their name or others on his or her behalf relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles and must provide the Settlement Administrator with all requested information. The Settlement Administrator shall perform an administrative review to verify that each Claim Form contains all required information. The Settlement Administrator will notify Settlement Class Members who submit deficient claims by first class mail within 21 days of receiving the claim. The Settlement Class Member receiving such notice will be allowed thirty (30) days from the postmarked date on the notice even if it exceeds the 90-day Claims Period to submit materials to cure the deficiencies. The Release contained in the Claim Form and required by this paragraph shall in no way be construed to limit, amend, or alter the terms of the releases provided by this Agreement.

7.5.    The Settlement Administrator shall have the authority to grant or deny claims.

7.6.    A Special Master to adjudicate disputes pursuant section 4.7 (D) above shall be agreed upon by Class Counsel and MFTA before the Fairness Hearing. The Settlement Fund shall be responsible for the fees of the Special Master, but not for any attorney's fees or other costs incurred by Class Counsel, any Settlement Class Member, or other counsel in connection

with any proceeding before the Special Master.  For avoidance of doubt, Class Counsel shall not

be eligible for any fees and costs above and beyond the fees and costs as defined in Section 9.1,

below.  MFTA is not responsible for the fees of the Special Master, or for any attorney's fees or

other costs incurred by Class Counsel, any Settlement Class Member, or other counsel in

connection with any proceeding before the Special Master.

      7.7.    Payment will be made in cash by the Settlement Administrator from the

Settlement Fund (in the form of a check valid for 180 days from the date of issue, sent via first-

class United States mail to the address shown on the Claim Form) to each Settlement Class

Member making a valid claim, which check shall be mailed to each such Settlement Class

Member with an approved claim within 30 days of receipt of all timely claims subject to section

4.7, above.  If the check issued to a Settlement Class Member under the terms of this Agreement

is lost or otherwise not cashed, there shall be no further obligation to make payment to such

Settlement Class Member.

**8.**      **OBJECTIONS AND REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS**

      8.1.    Any Settlement Class Member who intends to object to the fairness,

reasonableness and adequacy of the settlement ("Objections") must file a written Objection to

the Settlement with the Court not later than sixty (60) days before the date set for the Fairness

Hearing in the Preliminary Approval Order; this date will not change if the Fairness Hearing is

rescheduled.  In his/her Objections, an objecting Settlement Class Member must:  (a) set forth

his/her full name, current address, and telephone number; (b) provide the Vehicle Identification

Number associated with the vehicle giving rise to standing to make an Objection, and the dates

of ownership of said vehicle; (c) state that the objector has reviewed the Settlement Class

definition and understands that he/she is a Settlement Class Member, and has not opted out of the

Settlement Class; (d) set forth a complete statement of all legal and factual bases for any

Objection that the objector wishes to assert; (e) provide copies of any documents that the

objector wishes to submit relating to his/her position; and (f) a detailed list of any other

objections submitted by the objector, or the objector's counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years.  Any objecting Settlement Class Member must also mail copies of any such Objection documents (a) through (f) to Class Counsel and Defense Counsel, which must be post-marked at least sixty (60) days before the date set for the Fairness Hearing in the Preliminary Approval Order; this date will not change if the Fairness Hearing is rescheduled.

    8.2.     In addition to the requirements set forth in Paragraph 7.1, objecting Settlement Class Members must state in writing whether the objecting Settlement Class Member intends to appear at the Fairness Hearing(s) and whether they intend to appear with or without separate counsel.  No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written Objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written Notice of the Settlement Class Member's intent to appear at the Fairness Hearing and copies of any written Objections or briefs were filed with the Court and mailed to Class Counsel and Defense Counsel within sixty (60) days of the date set for the Fairness Hearing in the Preliminary Approval Order; this date will not change if the Fairness Hearing is rescheduled.  Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any Objections and shall be foreclosed from making any Objection (whether by appeal or otherwise) to the Settlement.

    8.3.     Settlement Class Members may elect to exclude themselves (*i.e.*, "opt-out") from this Agreement, relinquishing their rights to any benefits under this Agreement.

    8.4.     Settlement Class Members who exclude themselves from the settlement will not release their claims as per Paragraphs 4.10-4.17.  All opt-outs must be sent to the Settlement Administrator in writing and must include:  (a) the opt-out's name, current address, and telephone number; (b) provide the Vehicle Identification Number associated with the vehicle giving rise to standing to "opt out," the dates of ownership for said vehicle, and the sender's

status as a person who would be a Settlement Class Member but for the "opt-out;" (c) provide a clear and unambiguous statement indicating an election to be excluded from the Settlement Class; and (d) be signed by the Settlement Class Member.  Any request for exclusion must be postmarked on or before sixty (60) days prior to the date set for the Fairness Hearing in the Preliminary Approval Order; this date will not change if the Fairness Hearing is rescheduled. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date set by the Court, shall be bound by all terms of the Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the settlement.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.  Opt-outs are not effective until ruled upon by the Court, and any disputes as to the validity of a request for exclusion shall be adjudicated by the Court.

8.5.    Any Settlement Class Member who submits a timely request for exclusion may not file an Objection to the settlement and shall be deemed to have waived any rights or benefits under this Agreement.

8.6.    The Settling Parties and Class Counsel agree that they will not solicit, facilitate, or assist in any way, requests for exclusions, Objections, or continued litigation by putative or actual Settlement Class Members.  Class Counsel recognize that they have an obligation to support the settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all obligations precluding their representation of opt-outs, on the one hand, and putative or actual Settlement Class Members, on the other hand.

8.7.    Not later than ten (10) days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the exclusion requests.

8.8.    If Settlement Class Members accounting for  in excess of three percent of the Subject Vehicles elect to be excluded from the Settlement Class and submit a valid request for exclusion as set forth in Paragraphs 7.3-7.4, MFTA shall have the right to withdraw from the Settlement, upon written notice to Class Counsel, which must be sent to Class Counsel via overnight mail no later than seven (7) business days after the Notices of Exclusions from the Settlement Administrator are provided to Class Counsel and Defense Counsel.

8.9.    At least 90 days after the date set for mailing of the Notice as set forth in the Preliminary Approval Order, the Fairness Hearing shall be conducted to determine final approval of the Settlement, along with the amount properly payable for Attorneys' Fees, Costs and All Other Expenses ("Fairness Hearing").  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Settling Parties shall present the Final Order and Judgment in a form agreed upon by the Settling Parties.

8.10.    Not less than fourteen (14) days prior to the date set for the Fairness Hearing, Counsel for the Settling Parties shall jointly file their brief in support of Settlement approval. Counsel for the Settling Parties shall concurrently file responses to objections made by Settlement Class Members.

**9.      SETTLEMENT HEARING AND STAY OF ACTIONS**

9.1.    Class Counsel will submit the Agreement together with its Exhibits to the Court and will request that the Court issue an Order in the form attached hereto as **Exhibit 3**.

**10.     ATTORNEYS' FEES, COSTS, AND ALL OTHER EXPENSES**

10.1.    Lead Class Counsel will seek an award to of attorneys' fees of up to a maximum of 25% of the Settlement Fund plus reimbursement of reasonable expenses not to exceed $100,000, and Service Awards for Plaintiffs in the respective amounts of $$30,000 for Q+ Food LLC  and $15,000 each for Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp.  All awarded amounts are to be paid from the Settlement Fund.

10.2.    MFTA does not oppose, and will not encourage or assist any third-party in opposing, Class Counsel's request for Attorneys' Fees  in a total amount of up to $4,375,000 plus reasonable expenses not to exceed $100,000, nor will MFTA contest the reasonableness of the amount as long as the request is consistent with this Agreement.  MFTA does not oppose, and will not encourage or assist any third-party in opposing, Class Counsel's request for Service Awards for the Plaintiffs in respective amounts of $30,000 for Q+ Food LLC  and $15,000 each for Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp., nor will MFTA contest the reasonableness of the amount as long as the request is consistent with this Agreement.  Plaintiffs, Class Counsel and MFTA negotiated and agreed to the amount of Attorneys' Fees and Costs and Service Awards only after reaching agreement upon all other material terms of this Agreement.

10.3.    Class Counsel shall file their motion for attorneys' fees and costs at latest fourteen (14) days before the deadline for objecting to the Settlement.

10.4.    The Settling Parties agree that MFTA's Payment to the Settlement Fund represents MFTA's all-inclusive, full payment for all fees, costs, and all other expenses in relation to the claims covered by the contemplated release, including but not limited to fees, costs, and any other expenses incurred by any counsel in any related class action or any other related cases, whether known or unknown to MFTA, as well as any objectors, intervenors or later-appearing counsel.  MFTA's Payment to the Settlement Fund shall constitute full satisfaction of MFTA's obligation to pay any person, attorney or law firm for attorneys' fees, costs, and all other expenses, and shall relieve MFTA and the Released Parties from any other claims or liability to any other attorney or law firm or person for any attorneys' fees, costs, or other expenses to which any Plaintiff, Settlement Class Member, objector, intervenor or any other person may claim that are in any way related to the Released Claims.

10.5.    In furtherance of the agreement in this Section 9, in the event of any Objections to the settlement or appeal from any order of the Court granting final approval, Class Counsel agree

that they will be solely responsible for responding to objectors and intervenors, and defending the Court's Final Order and Judgment on appeal at their own cost. MFTA will join in the defense of the Final Order and Judgment. MFTA agrees not to appeal, or otherwise support any appeal, of an order or judgment entered by the Court that is consistent with this provision and the terms of the settlement. Any costs incurred by Class Counsel in such appeals, including costs incurred to settle any claims by objectors or intervenors, are the sole responsibility of Class Counsel. No one may seek to recover such costs from MFTA.

10.6.   Attorneys' Fees and Costs awarded by the Court to Class Counsel shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

10.7.   Any Service Awards ordered by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

## 11.   CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

11.1.   If this Agreement is not approved by the Court or the settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of June 3, 2016. In such event, the terms and provisions of this Agreement will have no further force and effect and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of attorneys' fees, expenses, or costs to Class Counsel will constitute grounds for cancellation or termination of this Agreement, unless the order potentially increases in any way MFTA's financial responsibility in connection with the settlement.

## 12.   BEST EFFORTS

12.1.   The Settling Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the settlement, including without limitation, seeking preliminary and final Court approval of the Agreement and the Settlement embodied herein, carrying out the terms of this Agreement, and promptly agreeing upon and executing all such

other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and to carry out the terms of the Settlement. In seeking approval of the Settlement, no Party shall be compelled to make or acquiesce in a factual statement or legal contention that the Party believes to be untrue or inaccurate.

### 13. MISCELLANEOUS PROVISIONS

13.1.   The Settling Parties intend the settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement is comprised of claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Agreement were negotiated at arms' length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

13.2.   Neither this Agreement nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any Released Parties; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file this Agreement and/or the Final Order and Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.3.   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

13.4.   Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.5.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

13.6.    This Agreement and any Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

13.7.    Class Counsel, on behalf of the Settlement Class, represents and warrants that they are expressly authorized to take all appropriate action required or permitted to be taken by Plaintiffs or the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into this Agreement, as well as any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

13.8.    Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Settling Party hereby warrants that such counsel or other Person has the full authority to do so.

13.9.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of original counterparts will be filed with the Court.

13.10.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

13.11.  The Court shall retain continuing and exclusive jurisdiction over the Settling Parties and all Settlement Class Members, and over the administration and enforcement of the settlement.  Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Agreement must be made by motion to the Court.

13.12.  The Settling Parties agree that MFTA or any other of the Released Parties is in no way liable for any taxes Class Counsel, Plaintiffs, Settlement Class Members or others may be required to pay as a result of the receipt of settlement benefits.

13.13.  No Settlement Class Member or other Person shall have any claim against the Plaintiffs, Class Counsel, the Released Parties, Defense Counsel, the Settlement Administrator, Special Master, or any agent designated by them, based on any eligibility determinations, distributions or payments made in accordance with the settlement, or based on the payments made or other relief provided and made substantially in accordance with this Agreement or with further orders of the Court or any appellate court.

13.14.  The Settling Parties hereby agree to stay all proceedings in this Litigation until the approval of this Agreement has been finally determined, *except* the stay of proceedings shall not prevent the filing of any motions, declarations, and other matters necessary to the approval of this Agreement.  The Settling Parties also agree and stipulate that a stay in any other cases involving the same subject matter will conserve the parties' and courts' resources, minimize interference with the Court's ability to rule on the proposed Settlement, avoid the risk of conflicting results, and preserve the Settlement for a short period of time while class members receive notice and evaluate their options.  The Settling Parties agree the Settlement provides substantial benefits to Plaintiffs and the Settlement Class that will be jeopardized by ongoing competing cases covering overlapping subclasses; maintaining the status quo protects the integrity of the Settlement, while the Court evaluates whether it is fair, reasonable and adequate. A standstill of litigation will be efficient, promotes the public policy favoring settlement and aids resolution of claims on a nationwide basis, which is in the public interest.

13.15.  None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

13.16.  This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to its choice-of-law principles.

13.17   All notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by First Class U.S. Mail to the following persons at their addresses set forth as follows:

JAMES C. SHAH
NATALIE FINKELMAN BENNETT
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
475 White Horse Pike
Collingswood, NJ  08107
Telephone:  (856) 858-1770

MICHAEL D. DONOVAN
**DONOVAN LITIGATION GROUP LLC**
1055 Westlakes Drives, Suite 155Berwyn, PA  19103
Telephone:  (610) 647-6067

ROBERT W. MURPHY
**MURPHY LAW FIRM**
1212 S.E. 2nd Avenue
Fort Lauderdale, FL  33316
Telephone:  (954) 763-8660

MARC A. GOLDICH
**AXLER GOLDICH LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 267.207.2920

ALEXANDER P. IMBERG
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Ste. 2600
San Francisco, CA  94111-3492
Telephone:  (415) 954-0200

WILLIAM M. MCSWAIN
MICHAEL P. DALY
JENNIFER B. DEMPSEY
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:  (215) 988-2700

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

Dated: 8/31/16          SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

                        By_____
                            James C. Shah
                            Natalie Finkelman Bennett
                            Attorneys for Plaintiffs and the Class

Dated:                  DONOVAN LITIGATION GROUP, LLC


                        By_____
                            Michael D. Donovan
                            Attorneys for Plaintiffs and the Class

Dated:                  MURPHY LAW FIRM


                        By_____
                            Robert W. Murphy
                            Attorneys for Plaintiffs and the Class

Dated:                  AXLER GOLDICH LLC


                        By_____
                            Marc A. Goldich
                            Attorney for Plaintiffs and the Class


Dated:                  Q+ FOOD LLC


                        By_____

- 34 -

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

Dated:                                           SHEPHERD, FINKELMAN, MILLER & SHAH, LLP


By_____
        James C. Shah
        Natalie Finkelman Bennett
        Attorneys for Plaintiffs and the Class

Dated:                                           DONOVAN LITIGATION GROUP, LLC


By_____
        Michael D. Donovan
        Attorneys for Plaintiffs and the Class

Dated:                                           MURPHY LAW FIRM


By_____
        Robert W. Murphy
        Attorneys for Plaintiffs and the Class

Dated:  8/30/16                           AXLER GOLDICH LLC


By_____
        Marc A. Goldich
        Attorney for Plaintiffs and the Class


Dated:                                           Q+ FOOD LLC


By_____

- 34 -

Dated:                            SHEPHERD, FINKELMAN, MILLER & SHAH, LLP


                                  By_____
                                      James C. Shah
                                      Natalie Finkelman Bennett
                                      Attorneys for Plaintiffs and the Class

Dated: 9/6/2016                   DONOVAN LITIGATION GROUP, LLC


                                  By_____
                                      Michael D. Donovan
                                      Attorneys for Plaintiffs and the Class

Dated:                            MURPHY LAW FIRM

      9|6||6

                                  By_____
                                      Robert W. Murphy
                                      Attorneys for Plaintiffs and the Class

Dated:                            AXLER GOLDICH LLC


                                  By_____
                                      Marc A. Goldich
                                      Attorney for Plaintiffs and the Class



Dated:                            Q+ FOOD LLC


                                  By_____


Dated:                            LAWRENCE BARTON d/b/a LEGEND MEATS, LLC



                                        - 34 -

Dated: _____   LAWRENCE BARTON d/b/a LEGEND MEATS, LLC


By_____


Dated: 8/30/16   ENCORE PIANO & ORGAN MOVING, LLC


By_____


Dated: _____   ALL AMERICAN MOVING AND STORAGE
DELIVERY, LLC


By_____


Dated: _____   WEST LUMBER & BUILDING SUPPLY CORP


By_____


Dated: _____   SQUIRE PATTON BOGGS (US) LLP


By_____
　　　　Alexander P. Imberg
　　　　Attorneys for Defendant
　　　　Mitsubishi Fuso Truck of America, Inc.


Dated: _____   DRINKER BIDDLE & REATH LLP


By_____
　　　　William M. McSwain


- 35 -

Dated:             LAWRENCE BARTON d/b/a LEGEND MEATS, LLC

            By_____

Dated:             ENCORE PIANO & ORGAN MOVING, LLC

            By_____

Dated:             ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC

            By_____

Dated: 8/30/16       WEST LUMBER & BUILDING SUPPLY CORP

            By _[signature]_____

Dated:             SQUIRE PATTON BOGGS (US) LLP

            By_____
               Alexander P. Imberg
               Attorneys for Defendant
               Mitsubishi Fuso Truck of America, Inc.

Dated:             DRINKER BIDDLE & REATH LLP

            By_____
               William M. McSwain

- 35 -

Dated:                          LAWRENCE BARTON d/b/a LEGEND MEATS, LLC


                                By_____

Dated:                          ENCORE PIANO & ORGAN MOVING, LLC


                                By_____

Dated:                          ALL AMERICAN MOVING AND STORAGE
                                DELIVERY, LLC


                                By_____

Dated:                          WEST LUMBER & BUILDING SUPPLY CORP


                                By_____

Dated:                          SQUIRE PATTON BOGGS (US) LLP


                                By_____
                                   Alexander P. Imberg
                                   Attorneys for Defendant
                                   Mitsubishi Fuso Truck of America, Inc.

Dated:                          DRINKER BIDDLE & REATH LLP


                                By_____
                                   William M. McSwain

- 35 -

By_____

Dated:                    ENCORE PIANO & ORGAN MOVING, LLC


By_____

Dated:                    ALL AMERICAN MOVING AND STORAGE
                          DELIVERY, LLC


By_____

Dated:                    WEST LUMBER & BUILDING SUPPLY CORP


By_____

Dated:                    SQUIRE PATTON BOGGS (US) LLP


By_____
                          Alexander P. Imberg
                          Attorneys for Defendant
                          Mitsubishi Fuso Truck of America, Inc.

Dated: 9/8/16             DRINKER BIDDLE & REATH LLP


By   _William M. McSwain_____
                          William M. McSwain
                          Michael P. Daly
                          Attorneys for Defendant
                          Mitsubishi Fuso Truck of America, Inc.


- 35 -

Dated:                 Q+ FOOD LLC


By _____

Dated:                 LAWRENCE BARTON d/b/a LEGEND MEATS, LLC


By _____

Dated:                 ENCORE PIANO & ORGAN MOVING, LLC


By _____

Dated:                 ALL AMERICAN MOVING AND STORAGE
                           DELIVERY, LLC

By _____

Dated:                 WEST LUMBER & BUILDING SUPPLY CORP


By _____

Dated:                 SQUIRE PATTON BOGGS (US) LLP


By _____
                           Alexander P. Imberg
                           Attorneys for Defendant
                           Mitsubishi Fuso Truck of America, Inc.

Michael P. Daly
Attorneys for Defendant
Mitsubishi Fuso Truck of America, Inc.

Dated:                              MITSUBISHI FUSO TRUCK OF AMERICA, INC.

By

Jecka Glasman, CEO
Michael Munz, CFO

- 36 -

# Exhibit 1

[EXHIBIT 1 – CLASS NOTICE]

# NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

**If you have owned or leased a 2012-2016 model year Mitsubishi-Fuso Canter truck a class action lawsuit may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class action lawsuit that may affect your rights.

- The settlement resolves a class action lawsuit against Mitsubishi-Fuso Truck of America, Inc. ("MFTA") alleging that it sold certain Canter trucks with defects causing emissions-related engine and after-treatment system issues, as well as transmission issues.

- The Court has not decided whether to finally approve the settlement. Relief will be made available only after the Court approves the settlement and any appeals are resolved.

- Unless otherwise noted, capitalized terms have the same meaning as in the Settlement Agreement (available at http://_____).

| YOUR RIGHTS AND OPTIONS REGARDING THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | Do nothing.  Release your right to sue MFTA and others.  See Section 19 below to find out more about the release. |
| **SUBMIT A CLAIM FOR COMPENSATION** | Submit a claim for compensation and if eligible, request a buyback of your Subject Vehicle.  Release your right to sue MFTA and others. See Section 4 below for more information about settlement benefits and Section 10 for how to participate. See section 19 below to find out more about the release. |
| **OBJECT TO THE TERMS OF THE SETTLEMENT** | File an objection if you believe the settlement is unfair or inadequate. See section 13 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Opt out of the settlement. Receive no benefits from the settlement but retain your right to sue MFTA and others over the alleged defects. See Section 12 below for more information about how to opt out. |

**Please read this notice carefully. It describes your rights and your options with regard to the settlement.**

**[EXHIBIT 1 – CLASS NOTICE]**

**BASIC INFORMATION**

| 1. Why did I receive this notice? |
|---|

A class action, known as *Q+ Food, LLC, et al. v. MFTA*, No. 14-CV-6046-MAS-DEA, is pending in the United States District Court for the District of New Jersey. Records show you may currently own or lease, or may have owned or leased, a 2012-2016 model year Mitsubishi-Fuso Canter truck (the "Subject Vehicles"), and therefore may be a Settlement Class Member.

A proposed settlement has been reached that may affect your legal rights. The Honorable Judge Douglas E. Arpert of the United States District Court for the District of New Jersey, who is overseeing this class action and settlement, ordered that you be sent this notice.

| 2. What is this class action about? |
|---|

Plaintiffs allege MFTA distributed certain Canter trucks that experienced emissions-related engine and after-treatment system issues, as well as transmission issues. The Amended Complaint asserts fraud- and warranty-based claims, including claims for violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. §§501.201 et seq*., the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq.; and negligent design / engineering / manufacturing under Ohio Law.

| 3. How does MFTA respond? |
|---|

MFTA denies all of the material allegations made by Plaintiffs and denies any wrongdoing or liability of any kind. Among other things, MFTA contends that there is no defect in the Subject Vehicles and that it has not violated any law.

| 4. What does the settlement provide? |
|---|

The Settlement establishes a $17.5 million Settlement Fund for the benefit of the Settlement Class. All Settlement Class Members who submit an approved claim (one deemed by the Settlement Administrator to be on time, accurate and complete) will be eligible to receive a share of the Net Settlement Fund according to the following guidelines:

      i.     Settlement Class Members whose Subject Vehicle experienced **no** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $250.00 for that vehicle.

      ii.     Settlement Class Members whose Subject Vehicle experienced **1-3** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $2,000 for that vehicle.

      iii.     Settlement Class Members whose Subject Vehicle experienced **4-6** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $4,000 for that vehicle.

      iv.     Settlement Class Members whose Subject Vehicle experienced **7 or more** Qualifying Repairs during their ownership or lease are eligible to receive but not guaranteed $6,000 for that vehicle

Instead of seeking a payment as set forth in i-iv above, each eligible Settlement Class Member whose Subject Vehicle experienced at least one (1) Qualifying Repair shall have the option, but not the obligation, to submit proof to the Settlement Administrator

-1-

**[EXHIBIT 1 – CLASS NOTICE]**

documenting consequential losses up to a maximum of $10,000 experienced by the Settlement Class Member as a consequence of Qualifying Repairs. Such losses shall include only the following out-of-pocket expenses, to the extent not previously reimbursed: The cost of the Qualifying Repair itself, costs of towing, replacement truck rental, vehicle retrieval, storage for a disabled vehicle, travel and hotels. In the event the Settlement Class Member seeks payment pursuant to this optional prove up process, the Settlement Class Member cannot seek payment under i-iv above. Payments to eligible claimants, whether for i-iv above or for proving up to $10,000 in out-of-pocket expenses, may be adjusted *pro rata* (up or down) depending on the number of eligible claims filed and the total amount of the Settlement Fund available to pay claims.

**Buyback Option and Trade-in Credit**

In addition to seeking payment above, a Settlement Class Member who **currently** owns or leases a Subject Vehicle, which has had **9 or more Qualifying Repairs** (regardless of who owned the vehicle when it occurred), has a **mileage of at least 110,000 miles** on or before the date that the Preliminary Approval Order is entered, and **has not had emissions recall C1008400 performed**, can request that it be bought back for fair market value. Fair market value of the cab and chassis will be determined based on the average wholesale Black Book value on the Effective Date of the Settlement. Upfitted body components will be compensated at a flat rate of $1,500 per truck. Alternatively, the Settlement Class Member may elect to not turn in the upfitted body components and will be compensated actual costs of up to $1,500 for the costs and labor associated with the removal or transfer of such upfitted body components from the Subject Vehicle to a different truck. Buyback amounts and payments related to upfitted components are paid from the Settlement Fund.

If the buyback amount offered is accepted by the Settlement Class Member, he/she can also claim a **purchase credit for the purchase of a new Mitsubishi-Fuso Canter truck**. The purchase credit varies, depending on the class of vehicle purchased:

- Class 3 truck: $2,000 purchase credit;
- Class 4 truck: $3,000 purchase credit or
- Class 5 truck: $5,000 purchase credit.

In contrast to all other consideration paid to the Settlement Class Members, this purchase credit is being financed by MFTA, and is **not** being paid out of the Settlement Fund. Full details and requirements for the buyback option and trade-in credit are in Section 4 of the Settlement Agreement (available at http://_____).

Payments to Settlement Class Members will exhaust the Net Settlement Fund. No money will be returned to MFTA.

## 5.   What is a "Qualifying Repair?"

"Qualifying Repair" means a repair or replacement outside of the regular service intervals, performed on or before [expected date of PA Order], relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles. Repairs or replacements made due to a recall or service campaign shall **not** be considered a Qualifying Repair. Multiple repairs or replacements relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles during a single service visit count as a single Qualifying Repair.

Settlement Class Members can contact the Settlement Administrator through the information below in Section 8, or via the website (http://_____) for a list of Qualifying Repairs from MFTA's records by date for a specific Subject Vehicle. The list

-2-

**[EXHIBIT 1 – CLASS NOTICE]**

of Qualifying Repairs identified by the Settlement Administrator is sufficient to submit with the Claim Form since they have already been validated.  Settlement Class Members are entitled to prove-up additional Qualifying Repairs beyond those identified by the Settlement Administrator, but this requires submission of itemized repair orders (or similar itemized invoices) establishing that the Qualifying Repair was performed and/or that a qualifying expense was incurred.

| **6.   Why is this lawsuit being settled?** |
| --- |

The Court has not decided in favor of Plaintiffs or MFTA. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after long negotiations, many exchanges of information, and independent consideration of the risks and benefits of settlement through the assistance of an experienced Mediator.

Class Counsel have considered the substantial benefits from the Settlement that will be given to the Participating Class Members and balanced these benefits with the risk that a trial could end in a verdict for MFTA. They also considered the value of the immediate benefit to Participating Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Participating Class Members would not receive any benefits for years.

| **7.   Has the Court decided who is right?** |
| --- |

No. The Court has not ruled in either party's favor and, now that the parties have proposed a settlement, the Court is instead analyzing whether a fair, reasonable, and adequate compromise is proposed.

The Court has ordered that you should get a copy of this notice so that you can review the settlement and determine whether you want to opt out, object, or file a claim.

| **8.   Who is the Settlement Administrator?** |
| --- |

The settlement administrator is a third party appointed by the Court to send notice to you about the settlement. In the present case, the Court has appointed Kurtzman Carson Consultants ("KCC") to act as the settlement administrator. You may contact KCC about this case at the following address: _____

[KCC info]

**YOUR RIGHTS AND OPTIONS**

| **9.   Am I part of this Settlement Class?** |
| --- |

In preliminarily approving the settlement, the Court defined the Settlement Class to include all current and former owners or lessees of model year 2012-2016 model year Mitsubishi-Fuso Canter trucks. Excluded from the class are (a) Persons who validly and timely exclude themselves from the settlement; (b) persons who have settled with, released, or otherwise had claims adjudicated on the merits against MFTA that are substantially similar to those alleged in this matter; wrongful death or property damage claims to property other than the Subject Vehicles; (c) MFTA employees; (d) insurers or other providers of extended service contracts or warranties, and (e) Judge Arpert and his family.

-3-

**[EXHIBIT 1 – CLASS NOTICE]**

Records indicate that you may be a Settlement Class Member. If you have filed or want to file your own lawsuit and not be part of this case, read Section 11 below.

**10. How do I file a claim?**

If the Court grants its approval of the Settlement, to claim relief under the Settlement, you **must** submit the claim form that is enclosed with this notice (also available at http://_____) and attach copies of repair orders (or similar itemized invoices) **and** proof of payment. Please do not send originals. Acceptable proof of payment includes a receipt showing payment, cancelled checks, credit card statements, credit receipts, or other document showing payment. The claim form must be signed and made under penalty of perjury to be valid. You can also submit your claim form online on the website.  You must submit your claim by «**Claim Deadline [**ninety calendar (90) days after the Fairness Hearing**]».**  If you do not timely submit a claim form, you will forgo your right to receive any payment, reimbursement or seek a buyback under the Settlement.

Please read the Claim Form carefully, follow all of the instructions and provide all the information required. **You may file a Claim for each Subject Vehicle you owned or leased.** If you have questions about how to file your claim that cannot be answered by this notice or by reviewing the information at the Settlement Website, you may call the Settlement Administrator at _____.

Payments (and any vehicle buybacks) to Settlement Class Members who file eligible claims will be made only after the Court grants "final approval" to the Settlement and after any appeals are resolved (*see* Section 20, below). If there are appeals, resolving them can take time. Please be patient.

**11. How will the settlement affect my rights?**

If the settlement is approved, and you do not request exclusion as discussed in Section 12, you will release your claims as set out in Section 19 regardless of whether you submit a claim or not.

**12. How do I request to be excluded from the settlement?**

If you wish to be excluded from the settlement, you must write the settlement administrator at the address specified above and request to be excluded. Your request to be excluded from the settlement must include: (1) your full name, current address and telephone number; (2) the Vehicle Identification Number associated with the vehicle giving rise to standing to "opt out" and the dates of ownership of the Subject Vehicle; (3) a clear and unambiguous statement indicating you have read the settlement agreement and are electing to be excluded from the settlement; and (4) a dated signature. **To be effective, your request must be postmarked no later than «opt out date [**sixty (60) days prior to the date set for the Fairness Hearing in the Preliminary Approval Order**]».**

If you do not complete and timely mail a valid request to be excluded from the Settlement, you will be bound by all terms and conditions of the settlement, including its release of claims. If you do submit a timely and valid request to be excluded, you will not receive any of the benefits of the Settlement but you will retain the right to sue MFTA about the legal claims raised in this lawsuit.

-4-

**[EXHIBIT 1 – CLASS NOTICE]**

| **13. May I object to the settlement?** |
|---|

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object in writing.

If you timely object in writing, you may appear at the Final Approval Hearing (described in Section 21), either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. Your written objection must: (a) set forth your full name, current address, and telephone number; (b) provide the Vehicle Identification Number associated with the vehicle giving rise to standing to make an Objection, and the dates of ownership of the Vehicle; (c) state that the objector has reviewed the Settlement Class definition and understands that he/she is a Settlement Class Member, and has not opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) provide copies of any documents that the objector wishes to submit relating to his/her position; and (f) a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years.  Copies of all Objection documents must also be mailed to Class Counsel and Defense Counsel no later than «**opt out date**».

**To be effective, your objection must be postmarked by «opt out date». Do not telephone the Court or MFTA's counsel.**

If your objection is overruled, you will be bound by the terms of the settlement. You will not be able to exclude yourself from the settlement thereafter.

## THE LAWYERS REPRESENTING YOU

| **14. Do I have a lawyer in this case?** |
|---|

The Court has determined that James C. Shah and Natalie J. Finkelman Bennett of Shepherd, Finkelman, Miller & Shah, LLP, Michael D. Donovan of Donovan Litigation Group, LLC, Robert W. Murphy of the Murphy Law Firm and Marc Goldich of Axler Goldich, LLC are qualified to represent you and the other members of the class. These lawyers are called "Class Counsel." Their contact information is at the end of this notice.

| **15. May I get my own lawyer?** |
|---|

You do not need to hire your own lawyer because Class Counsel are working on your behalf. Nonetheless, you may hire your own lawyer if you wish. If you hire your own lawyer, you will be responsible for paying for that lawyer.

| **16. How will Class Counsel be paid?** |
|---|

You do not have to pay Class Counsel's fees and costs. The fees and expenses that the Court approves will be paid from the Settlement Fund. Under the Settlement Agreement, Class Counsel will seek an award of up to a maximum of 25% of the Settlement Fund for attorneys' fees, plus reasonable costs up to a total of $100,000. Class Counsel investigated, researched and pursued this litigation on a contingent-fee basis, investing hundreds of hours and incurring thousands of dollars in out-of-pocket expenses without any assurance of payment. Their only source of compensation for this Class Action settlement will be the

**[EXHIBIT 1 – CLASS NOTICE]**

Court approved fee and expense award. Class Counsel have not received any payment for their time and expenses to date.

**17. What else does the settlement provide?**

In class actions such as this one, a court may provide the class representative a "class representative service award" in recognition of the time, effort, and risks the class representative took to prosecute the class action. In the present case, Plaintiffs reserve the right to request that the Court award $30,000 for Q+ Food LLC  and $15,000 each for Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building Supply Corp. given the time and effort expended to initiate and participate in this litigation, respondto discovery, attend mediations and otherwise take on the risks of prosecuting this class action.

**18. Will I have to pay taxes on my award?**

You should consult a tax professional for more information about your own specific situation.

**RELEASE OF CLAIMS**

**19. What claims are being released as part of the settlement?**

Upon final approval of this settlement, each class member will release and discharge MFTA and its current and former parent companies, subsidiaries, suppliers, dealerships and related or affiliated companies, and each of their respective officers, directors, employees, partners, agents, representatives, attorneys, insurers, successors and assigns, from any and all claims that were or could have been pled as part of the litigation under the facts alleged therein. Excluded from this release are any claims for personal injury or wrongful death.

For more information about the release, please refer to Section 4 of the Settlement Agreement (available at http://_____).

**FINAL SETTLEMENT APPROVAL HEARING**

**20. When will the Court consider whether to finally approve the settlement?**

The Court will hold a hearing in Courtroom 6W of the United States District Court for the District of New Jersey, located at 402 East State Street Room 2020, Trenton, NJ 08608, on _____, 2016 at __:00 __.m, to decide whether to finally approve the settlement. At that time, the Court will also decide whether to approve Class Counsel's request for attorneys' fees and costs, and the class representative's service award. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.  The "Effective Date" of the settlement is when the Final Order and Judgment entered pursuant to the Settlement Agreement becomes final, which is the date on which all appellate rights  have expired without the filing of an appeal, or when they have been exhausted in a manner that conclusively affirms the Final Order and Judgment.

**It is not necessary for you to appear at this hearing.** If you have timely submitted an objection to the settlement and a notice of intent to appear, you may appear at the hearing to argue your objection to the Court. Any attorney who will represent you must file a notice of appearance with the Court and serve the objection and notice of appearance on

-6-

**[EXHIBIT 1 – CLASS NOTICE]**

Class Counsel and counsel for MFTA, on or before [objection deadline], 2016. You will be solely responsible for the fees and costs of your own attorney.

The hearing may be postponed without further notice to the Class. If the settlement is not approved, the lawsuit will continue to be prepared for trial or other judicial resolution.

### 21. What if the proposed settlement is not approved?

If the Proposed Settlement is not granted final approval, the putative Settlement Class that has been preliminarily certified will be decertified, the class action will proceed without further notice, and none of the agreements set forth in this Notice will be valid or enforceable.

**FURTHER INFORMATION**

### 22. How do I get more information?

This notice provides a summary of the basic terms of the settlement. For the settlement's complete terms and conditions, please consult the settlement agreement. You can access the settlement agreement and other documents in the case on the website established for this settlement at http:// _____. You can also view the entire case file by visiting the clerk of the court located at 402 East State Street Room 2020, Trenton, NJ 08608, or by contacting Class Counsel at the addresses provided below:

JAMES C. SHAH
NATALIE FINKELMAN BENNETT
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
475 White Horse Pike
Collingswood, NJ  08107
Telephone:  (856) 858-1770

MICHAEL D. DONOVAN
**DONOVAN LITIGATION GROUP LLC**
1055 Westlakes Drive
Suite 155
Berwyn, PA  19312
Telephone:  (610) 647-6067

ROBERT W. MURPHY
**MURPHY LAW FIRM**
1212 S.E. 2nd Avenue
Fort Lauderdale, FL  33316
Telephone:  (954) 763-8660

MARC A. GOLDICH
**AXLER GOLDICH LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 207-2920

**PLEASE DO NOT TELEPHONE OR WRITE THE COURT, THE OFFICE OF THE CLERK, MFTA, OR MFTA'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT.**

# Exhibit 2

**[EXHIBIT 2 – CLAIM FORM]**

**SETTLEMENT CLAIM FORM**

*Q+ Food, LLC, et al. v. Mitsubishi-Fuso Truck of America, Inc., No. 14-CV-6046-MAS-DEA*

**Please read the Notice of Pendency and Proposed Settlement of Class Action ("Notice") AND all of the following instructions carefully before filling out your Claim Form.**

To determine whether you are eligible to make a claim, or for more information regarding the class action settlement, please visit http://_____ (the "Website").

1. Capitalized terms in this Claim Form have the same meaning as provided in the "Definitions" Section of the Class Action Settlement Agreement and Release, on file with the Court, and also available at the website above.

2. Type or print legibly in black ink. Do not use highlighters. Provide **all** requested information, attach supporting documentation (*i.e.*, repair orders or invoices), and sign all applicable certifications. You must use a separate Claim Form for each vehicle you believe qualifies.

3. You are eligible to make a claim **only** if (1) you are a current or former owner or current or former lessee of a model year 2012-2016 Mitsubishi-Fuso Canter truck (the "Subject Vehicle"), who purchased or leased the Subject Vehicle within the United States; (2) you are not requesting exclusion from the Settlement Class; (3) you have not settled with, released, or otherwise had claims adjudicated on the merits against Mitsubishi-Fuso Truck of America, Inc. ("MFTA") similar to those described in the Notice; (4) you are not otherwise excluded from the Settlement Class as described in the Notice; and (5) you otherwise meet the requirements specified in this Claim Form and the Settlement Agreement.

4. You must submit your Claim Form under penalty of perjury by mail or online via the Website. The postmark on the envelope will determine the timeliness of the claim, and the Claim Form should be mailed to _____. You cannot claim reimbursement for any repairs occurring after [expected date of PA Order]

Keep a copy of your completed Claim Form and all supporting documents. Any documents you submit with your Claim Form will not be returned. Do not send original documents. If your claim is rejected for any reason, you will be notified and will have 30 days to attempt to cure any deficiencies.

*For Claims Administrator Use Only*
Claim Number: _____

010-8264-6423/2/AMERICAS

**[EXHIBIT 2 – CLAIM FORM]**

| PART A — PERSONAL INFORMATION |
|---|

Name: _____

Address: _____

_____
City, State, Zip Code

_____
Vehicle Model and Model Year

_____
Vehicle Identification Number ("VIN")

Company Name (if company vehicle):

_____

Daytime Phone Number: _____

Names of Any Joint Owner(s) of the Vehicle:

_____

_____
Dates you owned/leased the vehicle

| PART B — COMPENSATION FOR REPAIRS |
|---|

"Qualifying Repair" means:  A repair or replacement outside of the regular service intervals, performed on or before [expected date of PA Order], relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles.  Repairs or replacements made due to recalls or service campaigns are not considered Qualifying Repairs.  Multiple repairs or replacements relating to emissions-related engine and after-treatment system issues, as well as transmission issues in the Subject Vehicles during a single service visit count as a single Qualifying Repair.

You can choose to receive a flat amount based on the number of Qualifying Repairs, shown in the table below, or you can choose to provide proof of reimbursable expenses of up to $10,000.00.  These amounts are not guaranteed.  Payments to eligible claimants may be adjusted pro rata (up or down) depending on the number of eligible claims filed and the total amount of the Settlement Fund available to pay claims.  In addition, your Subject Vehicle may qualify for an optional buyback.  Payments to Settlement Class Members will exhaust the Net Settlement Fund. No money will be returned to MFTA.

**You may file a claim for each Subject Vehicle you owned or leased. If you have several Subject Vehicles, file a separate Claim Form for each one; you can choose whether to take the flat amount or prove-up expenses on a truck-by-truck basis.**  If you have questions about how to file your claim that cannot be answered by this notice or by reviewing the information at the Settlement Website, you may call the Settlement Administrator at _____.

| A - Flat Amount | B - Prove-Up Expenses |
|---|---|
| i.     No Qualifying Repairs during the ownership or lease are eligible to receive $250.00 for that vehicle.<br><br>ii.     1-3 Qualifying Repairs during the ownership or lease are eligible to receive $2,000 for that vehicle. | If you experienced at least one (1) Qualifying Repair, you can submit proof to the Settlement Administrator documenting consequential losses up to a maximum of $10,000 experienced as a consequence of Qualifying Repairs. Such losses shall include only the following out-of-pocket |

-2-

*For Claims Administrator Use Only*
Claim Number: _____

**[EXHIBIT 2 – CLAIM FORM]**

| | |
|---|---|
| iii.   4-6 Qualifying Repairs during the ownership or lease are eligible to receive $4,000 for that vehicle.<br><br>iv.   7 or more Qualifying Repairs during the ownership or lease are eligible to receive $6,000 for that vehicle | expenses, to the extent they have not already been reimbursed:  The cost of the Qualifying Repair itself, costs of towing, replacement truck rental, vehicle retrieval, storage for a disabled vehicle, travel and hotels. |

**CIRCLE YOUR COMPENSATION SELECTION:**

# A                B

**INFORMATION REGARDING YOUR QUALIFYING REPAIRS (PART B.1.):**

Except for the flat amount received under A(i), above, receiving compensation or reimbursement of expenses requires that, during the period you owned or leased your Subject Vehicle, it experienced a Qualifying Repair.

You can contact the Settlement Administrator through the information below in the Notice you received, or via the website (http://_____) for a list of Qualifying Repairs based on MFTA's records by date for a specific Subject Vehicle.  The list of Qualifying Repairs identified by the Settlement Administrator is sufficient to submit with the Claim Form since they have already been validated.  You are entitled to prove-up additional Qualifying Repairs beyond those using this Claim Form, but it requires submission of itemized repair orders (or similar itemized invoices) establishing that the Qualifying Repair was performed and/or that a qualifying expense was incurred.

You must provide the number of Qualifying Repairs, the location where it was done (e.g., the name of the dealer or service center) and the approximate date of the replacement and your supporting documents.  If there is not enough room, please copy this table and attach additional sheets.

| Date | Location |
|---|---|
| | |
| | |
| | |
| | |
| | |

**REIMBURSEMENT (PART B.2.):**

Instead of seeking a payment as set forth in Part B.1 above, each eligible Settlement Class Member whose Subject Vehicle experienced at least one (1) Qualifying Repair shall have the option, but not the obligation, to submit proof to the Settlement Administrator documenting consequential losses up to a maximum of $10,000 experienced by the Settlement Class Member as a consequence of Qualifying Repairs. Such losses shall include only the following out-of-pocket expenses:  The cost of the Qualifying Repair itself, costs of towing, replacement truck rental, vehicle retrieval, storage for a disabled vehicle, travel and hotels.  In the event the Settlement Class Member seeks payment pursuant to this optional prove up process, the Settlement Class Member **cannot** seek payment for the flat amount described above.

-3-                *For Claims Administrator Use Only*
                   Claim Number: _____

**[EXHIBIT 2 – CLAIM FORM]**

For each claimed expense, record on the table below (1) the nature of the expense (replacement, towing, or rental), (2) the date of the expense, (3) to whom the expense was paid (name, address, and phone number), and (4) the amount of the expense.  Please include your supporting documents.  If there is not enough room on the table, please copy this table and attach additional sheets.

You cannot make a claim for reimbursement for any expense if another party or person (e.g., your warranty coverage, an insurance company) paid for it.

| Type of Expense | Date | Person Paid | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Buyback Option (Part B.3)**

**In addition** to seeking payment above under Part B.1 or B.2, a Settlement Class Member who **currently** owns or leases a Subject Vehicle, which has had **9 or more Qualifying Repairs** (regardless of who owned the vehicle when it occurred), has **mileage of at least 110,000 miles** on or before the date that the Preliminary Approval Order is entered, and **has not had emissions recall C1008400 performed**, can request that it be bought back for fair market value.  You can contact the Settlement Administrator for a list of Qualifying Repairs by date for your Subject Vehicle as well as its projected fair market value.  Fair market value of the cab and chassis will be determined based on the average wholesale Black Book value on the Effective Date of the Settlement.  Upfitted body components will be compensated at a flat rate of $1,500.  Alternatively, the Settlement Class Member may select to not turn in the upfitted body components and will be compensated actual costs of up to $1,500 for the costs and labor associated with the removal or transfer of such upfitted body components from the Subject Vehicle to a different truck.  Buyback and payments related to upfitted components are paid from the Settlement Fund.

If the buyback amount offered is accepted by the Settlement Class Member, he/she can also claim a **purchase credit for the purchase of a new Mitsubishi-Fuso Canter truck**.  The purchase credit varies, depending on the Class of vehicle purchased, and can be combined with any offer generally available to the public:
• Class 3 truck: $2,000 purchase credit;
• Class 4 truck: $3,000 purchase credit; or
• Class 5 truck: $5,000 purchase credit.

The purchase credit is valid for 1 year (12 months) from the date of issue and is not transferable.  The purchase credit can only be used for the purchase of a new Mitsubishi-Fuso Canter and may not be applied to a vehicle already owned by the Settlement Class Member, or for any other purpose.  However, the purchase credit may be combined with any other offer available to the general public.

## If you believe your Subject Vehicle is eligible for a buyback and you want to have it bought back, check here:  □

You will be contacted with further instructions if you elect to have your Subject Vehicle bought back.  Note that your Subject Vehicle **cannot** be bought back until the Settlement's Effective Date has occurred.  However, you

-4-

*For Claims Administrator Use Only*
Claim Number: _____

**[EXHIBIT 2 – CLAIM FORM]**

can ask the Settlement Administrator for a non-binding projected value (based on an estimate of your mileage on the expected Effective Date), and you can coordinate with a dealership on a time for surrendering the bought-back truck and/or buying a new truck using the purchase credit.  If you will have upfitted components removed, proof of the actual costs involved must be submitted no later than ==90 days after the Fairness Hearing==.

## PART C — CERTIFICATION

*I certify under penalty of perjury that the following information is true and correct:*

1. I am a Settlement Class Member and the rightful owner of the claim described in this Claim Form.

2. The documents described in Part B above and provided with this Claim Form are true and accurate copies showing proof of payment **and** the repairs, replacements or expenses I am presenting as Qualifying Repairs.

3. None of the Qualifying Repairs I am presenting were the result of abuse or misuse.

4. All information that I provided is true and correct to the best of my knowledge and belief.

5. I understand that my claim may be audited for truthfulness and accuracy.

Consistent with Section 10.4 of the Settlement Agreement, I confirm my agreement to the Release Obligations enumerated in Sections 4.8-4.15 of the Settlement Agreement, and consent to the dismissal of any pre-existing action or proceeding relating to Subject Vehicles, whether brought by me or by others on my behalf.

*If more than one person has rights to the claims asserted, the Claim Form must be signed by all persons.*

_____          _____/_____/_____
Signature of Claimant                                                                 Date

_____          _____/_____/_____
Signature of Claimant                                                                 Date

_____          _____/_____/_____
Signature of parent or guardian                                                Date
(if Claimant is a minor)

-5-                          *For Claims Administrator Use Only*
                                     Claim Number: _____

010-8264-6423/2/AMERICAS

# Exhibit 3

Exhibit 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC, et al., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br><br>    v.<br><br>MITSUBISHI FUSO TRUCK OF AMERICA, INC.,<br><br>      Defendant. | No. 14-cv-06046-MAS-DEA |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

Plaintiffs moved this Court for an Order preliminarily approving the parties' settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). Mitsubishi-Fuso Truck of America, Inc. ("MFTA") joined in Plaintiffs' request. Upon considering the Motion, the parties' Class Action Settlement Agreement and Release and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1.  The Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement filed herewith.

Exhibit 3

2.      The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Plan.[1]  This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is good cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

3.      The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All current and former owners and lessees of model year 2012-2016 Mitsubishi-Fuso Canter trucks (the "Subject Vehicles") who purchased or leased their Subject Vehicles in the United States.

> Excluded from the Settlement Class are:  (a) Persons who validly and timely exclude themselves from the settlement; (b) persons who have settled with, released, or otherwise had claims adjudicated on the merits against MFTA that are substantially similar to those alleged in this matter; wrongful death or property damage claims to property other than the Subject Vehicles, fixtures installed in the vehicles, or cargo transported in the vehicles, as a result of the defects alleged; (c) MFTA employees; (d) insurers or other providers of extended service contracts or warranties, and (e) Judge Arpert and his family.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated *nunc pro tunc* and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

1

Exhibit 3

4.      In making the findings set forth in Paragraph 3, the Court has exercised its

discretion in conditionally certifying the Settlement Class on a nationwide basis. Named

Plaintiffs Q+ Food LLC, Lawrence Barton d/b/a Legend Meats, LLC, Encore Piano & Organ

Moving, LLC, All American Moving and Storage Delivery, LLC, and West Lumber & Building

Supply Corp are designated as the Class Representatives.

5.      The Court hereby appoints the following attorneys as counsel for the Settlement

Class: James C. Shah and Natalie J. Finkelman Bennett of Shepherd, Finkelman, Miller & Shah,

LLP ("Shepherd Finkelman"), Michael D. Donovan of Donovan Litigation Group, LLC

("DLG"), Robert W. Murphy of the Murphy Law Firm("Murphy) and Marc Goldich of Axler

Goldich, LLC ("Axler Goldich").  Lead Class Counsel shall mean Shepherd Finkelman, DLG,

Murphy and Axler Goldich.  For purposes of these settlement proceedings, the Court finds that

they are competent and capable of exercising their responsibility as Class Counsel.

6.      This Court has both subject matter jurisdiction and personal jurisdiction as to this

action and all Parties before it.

7.      The Settlement Agreement is for settlement purposes only. Neither the fact of,

any provision contained in, nor any action taken under the Settlement Agreement shall be

construed as an admission of the validity of any claim or any factual allegation that was or could

have been made by Plaintiffs and Settlement Class Members in the Action, or of any

wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the

Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence

by or against Defendant or the Released Parties or cited or referred to in any other action or

proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement

the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member

2

Exhibit 3

to support a defense of res judicata, collateral estoppel, release, or other theory of claim

preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of

other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order

preliminarily approving the Settlement Agreement.

8.      The Notice and provisions for disseminating notice substantially as described in

and attached to the Settlement Agreement are hereby approved. The Court approves the Notice

attached as Exhibit 1 to the Settlement Agreement, as well as the Claim Form, attached as

Exhibit 2 to the Settlement Agreement. These materials (a) provide the best practicable notice,

(b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of

the pendency of the action, the terms of the proposed settlement, and of their right to appear,

object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute

due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply

with federal law, the United States Constitution, and all other applicable laws.

9.      Kurtzman Carson Consultants, LLC ("KCC"), selected pursuant to the terms of

the Settlement Agreement, shall be responsible for providing notice of the proposed settlement to

the Settlement Class Members in accordance with the provisions of the Settlement Agreement

and as directed under the Class Action Fairness Act (28 U.S.C. § 1715). KCC's fees and costs

will be paid from the Settlement Fund.

10.     Pursuant to Section 1.28. of the Settlement Agreement, the Court orders

Defendant to deposit US $100,000.00 into the Settlement Fund within seven (7) calendar days of

the entry of this Order to fund the Notice.

11.     To comply with their obligations under the Settlement Agreement, the parties

must obtain vehicle registration information for Settlement Class Members for the purpose of

Exhibit 3

disseminating notice of the proposed settlement to those persons and entities. MFTA and KCC

are hereby authorized to obtain vehicle registration information concerning Settlement Class

Members from IHS Automotive or a similar vendor for the sole purpose of providing notice to

those persons and entities.

12.     As soon as practicable after the Preliminary Approval of the Settlement, with the

mailing to be substantially completed within thirty (30) days, KCC shall send to all previously

identified Settlement Class Members via direct first-class mail a copy of the Notice.  Within ten

(10) days from the Preliminary Approval of the Settlement, KCC will make an informational

settlement website available to the public, which website will include a copy of this order, the

Notice, the Settlement Agreement, Claim Forms that may be downloaded and submitted online

or by mail, and other important documents.  Prior to the Fairness Hearing, KCC shall file a

declaration with the Court, attesting to the measures undertaken to provide Notice to the

Settlement Class and as directed by CAFA.

13.     Anyone who wishes to be excluded from the Settlement Class must submit a

written request for exclusion (as described in the Notice and Settlement Agreement) by sending

it to KCC, by First-Class U.S. mail to the address provided in the Notice. Requests for exclusion

must contain all information described in the Settlement Agreement. The envelope containing

the Request for Exclusion must be postmarked not later than sixty (60) days before the date set

for the Fairness Hearing in Paragraph 21, below; this date will not change if the Fairness Hearing

is rescheduled.  The Court shall rule on the validity of exclusions at the Fairness Hearing.

14.     Anyone who falls within the Settlement Class definition and does not submit a

Request for Exclusion in complete accordance with the deadlines and other specifications set

forth in this Order and the Settlement Agreement shall remain a Settlement Class Member and

4

Exhibit 3

shall be bound by all proceedings, orders, and judgments of this Court pertaining to the

Settlement Class.

15.     Any Settlement Class Member who wishes to object to the proposed Settlement

must send or file an objection with this Court. Objections must contain all information described

in the Settlement Agreement.  The envelope containing the Objection to the Settlement must be

filed not later than sixty (60) days before the date set for the Fairness Hearing in Paragraph 21,

below; this date will not change if the Fairness Hearing is rescheduled.  Only Settlement Class

Members may object to the Settlement.  In addition to filing any Objection with this Court, such

papers must be also sent to each of the following persons on the date of the filing:

> JAMES C. SHAH
> NATALIE FINKELMAN BENNETT
> SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
> 475 White Horse Pike
> Collingswood, NJ  08107
> Telephone:  (856) 858-1770
>
> MICHAEL D. DONOVAN
> DONOVAN LITIGATION GROUP LLC
> 1055 Westlakes Drives, Suite 155Berwyn, PA  19103
> Telephone:  (610) 647-6067
>
> ROBERT W. MURPHY
> MURPHY LAW FIRM
> 1212 S.E. 2nd Avenue
> Fort Lauderdale, FL  33316
> Telephone:  (954) 763-8660
>
> MARC A. GOLDICH
> AXLER GOLDICH LLC
> 1650 Market Street, Suite 3600
> Philadelphia, PA 19103
> Telephone: 267.207.2920
>
> ALEXANDER P. IMBERG
> SQUIRE PATTON BOGGS (US) LLP
> 275 Battery Street, Suite 2600
> San Francisco, CA  94111-34-92

Exhibit 3

Telephone:  (415) 954-0200

WILLIAM M. MCSWAIN
MICHAEL P. DALY
JENNIFER B. DEMPSEY
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:  (215) 988-2700

16.     Any Settlement Class Member who does not submit an Objection to the

Settlement in complete accordance with this Order and the applicable provisions of the

Settlement Agreement shall not be permitted to object to the settlement.

17.     Any objecting Settlement Class Member may appear at the hearing on the fairness

of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to

show cause why the Settlement Agreement should not be approved as fair, reasonable and

adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and

expenses; provided, however, that the objecting Settlement Class Member must file with the

Clerk of the Court, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention

to Appear") not later than sixty (60) days before the date set for the Fairness Hearing in

Paragraph 21, below; this date will not change if the Fairness Hearing is rescheduled. The Notice

of Intention to Appear must include all information and documents required by the Settlement

Agreement. Any Settlement Class Member who does not provide a Notice of Intention to Appear

in complete accordance with the deadlines and other specifications set forth in the Settlement

Agreement, and who has not filed an Objection to the Settlement in complete accordance with

the deadlines and other specifications set forth in the Settlement Agreement, will be barred from

speaking or otherwise presenting any views at any Fairness Hearing.

Exhibit 3

18.     KCC shall also have the obligations otherwise enumerated in the Settlement

Agreement.

19.     Class Counsel shall file with the Court their petition for payment of attorneys'

fees and reimbursement of litigation costs and expenses no later than (14) days before the

deadline for objecting to or requesting exclusion from the Settlement. This request shall be

consistent with the provisions of Section 10 of the Settlement Agreement.

20.     Fourteen (14) days prior to the date set for the Fairness Hearing, Plaintiffs shall

file a motion for judgment and final approval of the Settlement. The parties shall file their briefs

in support of settlement approval, as well as any supplemental briefs supporting Class Counsel's

motion for attorneys' fees and reimbursement of litigation costs, at that time. The briefing shall

include the parties' responses to any Objections, as well as a declaration setting forth the number

of Settlement Class members who opted-out of the Settlement Class. Such briefing shall be

served on any other attorneys who have entered an appearance in this proceeding, and on any

member of the Settlement Class to whose Objection to the Settlement the memoranda or other

briefing responds.

If any Settlement Class Members object or opt-out after Plaintiffs file the motion for final

approval, the parties shall file supplemental briefing no later than seven (7) days prior to the date

set for the Fairness Hearing, setting forth the parties' responses to such Objections and the number

of opt-outs. If appropriate, the parties shall include supplemental briefing on Class Counsel's

motion for attorney's fees at that time.

21.     On _____, 2016, the Court will hold the Fairness Hearing. It shall be held

in Courtroom 6W of the United States District Court for the District of New Jersey, located at

402 East State Street Room 2020, Trenton, New Jersey 08608, which shall be set forth in the

Exhibit 3

Mailed Notice. The Fairness Hearing may be continued or rescheduled by the Court with notice

to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has

filed a Notice of Intention to Appear in accordance with Paragraph 17 of this Order. At the

Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the

proposed settlement is fair, reasonable, and adequate and should be approved by the Court. At

the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that

should be awarded to Class Counsel. If appropriate, the Court will issue a Final Order and

Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

22.     Pending further orders by this Court, all proceedings in this case shall be stayed,

except for proceedings pursuant to this Order. A stay is warranted because it will conserve the

parties' and various courts' resources, minimize interference with this Court's ability to rule on

the proposed Settlement, and preserve the Settlement for a short period of time while class

members receive notice and evaluate their options. A standstill of litigation will be efficient,

promotes the public policy favoring settlement and aids resolution of claims on a nationwide

basis, which is in the public interest.

As directed in Paragraph 3, the nationwide class is provisionally certified, and all members

of the Settlement Class under the jurisdiction of this Court are enjoined from commencing and

thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on

or relating to personal injury or wrongful death), in any jurisdiction or court against Defendant or

the Released Parties relating to or arising out of the subject matter of this action until such time as

the class is decertified or pursuant to further orders of this Court.

23.     Class Counsel and Defense Counsel are authorized to establish other means

necessary to effectuate the terms of the Settlement Agreement.

Exhibit 3

**IT IS SO ORDERED.**

Dated:_____, 2016

_____
Honorable Douglas A. Arpert
United States Magistrate Judge

9