# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC; LAWRENCE BARTON d/b/a LEGEND MEATS, LLC; ENCORE PIANO & ORGAN MOVING, LLC; ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC; and WEST LUMBER & BUILDING SUPPLY CORP; individually and on behalf of all others similarly situated, | Civ. No. 14-cv-06046-MAS-DEA

*Document electronically filed.* |

Plaintiffs,

v.

MITSUBISHI FUSO TRUCK OF AMERICA, INC.,

Defendant.

## DECLARATION OF MICHAEL D. DONOVAN

I, Michael D. Donovan, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the managing principal at the law firm of Donovan Litigation Group, LLC.  I am admitted to practice in the Commonwealth of Pennsylvania, the State of New York and the District of Columbia, as well as multiple circuit and federal courts, including the Supreme Court of the United States.  I was admitted *pro hac vice* by this Court to represent plaintiffs and the Class in this matter.

2.     I and my firm have actively participated in the Litigation from before its inception, including, but not limited to: (1) the investigation and research of the potential claims of Q+ Food, LLC pre-filing; (2) the retention of and communication with class representative plaintiffs; (3) the research and drafting of the initial and amended Class Action Complaints and other drafts of pleadings; (4) informal discovery and exchange of information and consulting with experts; (5) legal research; (6) drafting of motions, briefs and settlement documents and notices; (7) participating in Litigation strategy decisions; (8) court appearances; (9) participating

in settlement negotiations, including multiple mediation sessions; and (10) communicating with class members throughout the course of the Litigation.  Thus, I am fully familiar with the proceedings.  If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information, and belief.

3.      I submit this declaration in support of Class Counsel's Motion for an Award of Attorneys' Fees and Costs and for Class Representative Service Awards.

4.      I and my firm have dedicated significant time and resources to investigating and resolving this Litigation on behalf of the class.  The Firm's legal services were performed on a wholly contingent fee basis.

5.      The Firm maintained detailed time records regarding the work performed in connection with the prosecution of the Litigation.  Attached hereto as Exhibits "1" and "2" are time and expense summary charts relating to the Litigation.  The charts were completed by the Firm based upon the records created by the Firm during the pendency of this Litigation.

6.      The total number of hours spent by the firm's attorneys, paralegals and law clerks working on behalf of plaintiffs in the Litigation is 532.30.  As reflected in Exhibit "1," through December 31, 2016, Donovan Litigation Group, LLC has accumulated a lodestar totaling $372,427.00.

7.      The Firm's hourly rates range from $265.00 for certain paralegal work up to $850.00 for senior, experienced litigation counsel.  Based on my knowledge and experience, the hourly rates charged by Donovan Litigation Group, LLC are well within the range of market rates charged by attorneys of equivalent experience, skill, and expertise.  The hourly rates are the same rates which the Firm utilizes in non-contingent matters and are rates that have routinely been approved by courts throughout the United States.  *See, e.g., McGee v. Continental Tire North America, Inc.,* No. 06-cv-06234-GEB-CCC (D.N.J. Mar. 4, 2009) (Brown, C.J.)

(approving full fee request of 31% of the common fund and finding lodestars and hourly rates appropriate); *In re Sunterra Corp. Securities Litigation,* Case No. 6:00-cv-79-Orl-28B (M.D. Fla. Apr; 26, 2005) (Antoon, J.) (awarding full fee request of 33% of settlement fund and approving then-current hourly rates of Donovan Searles, LLC); *Bittner v. Trans Union, LLC*, C.A. No. 04-2562  (E.D. Pa. Feb. 10, 2005) (Ludwig, J.) (awarding multiplier of lodestar of 1.78); *Flores v. Shapiro & Kreisman*, C.A. No. 01-3280 (E.D. Pa. Jan. 21, 2005) (McLaughlin, J.) (approved hourly rates); *Stoner v. CBA Information Services*, 352 F.Supp.2d 549 (E.D. Pa. 2005) (Katz, J.) (33% of settlement fund awarded as reasonable fee, resulting in 1.67 multiplier of lodestar); *Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691, *7 (E.D. Pa. April 22, 2004) (Surrick, J.) (hourly rate found reasonable); *Piper v. Portnoff Law Associates*, C.A. No. 03-2046 (E.D. Pa. Jan. 7, 2004) (Katz, J.) (finding hourly rate "fair and reasonable market rate within the Eastern District of Pennsylvania for attorneys of comparable skill, experience and ability handling consumer credit litigation"); *Wells v. Coldata, Inc.*, C.A. No. 02-6609 (E.D. Pa. Nov. 20, 2003) (Brody, J.) (same); *Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003 ) (Yohn, J.); *Muse v. Dymacol, Inc.*, 2003 WL 22794698 (E.D. Pa. Nov. 7, 2003) (Savage, J.); *Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003) (Tucker, J.); *Bonett v. Education Debt Services, Inc.,* 2003 WL 2158267 (E.D. Pa. May 9, 2003) (Davis, J.); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436 (E.D. Pa. 2002) (Katz, J.); *Oslan v. Collection Bureau Hudson Valley*, C.A. No. 01-2173 (E.D. Pa. July 26, 2002) (Schiller, J.); *Saunders v. Berks Credit and Collections, Inc.*, 2002 WL 1497374, *15 (E.D. Pa. July 11, 2002) (DuBois, J.) (awarding counsel lodestar at requested rates, finding said rates "fair and reasonable in light of [counsel's] education, experience and prior awards, and commensurate with the prevailing hourly billing rates of similarly-experienced class action litigators in this area"); *Fry v. Hayt, Hayt & Landau,* C.A. No. 00-114 (E.D. Pa. May 1, 2001) (Robreno, J.);

3

*Smith v. First Union Mortgage Corporation*, 1999 WL 1081362 (E.D. Pa. Dec. 1, 1999) (Waldman, J.) (approving hourly rates to Class Counsel in settlement of class action under FDCPA); *Newton v. United Companies Financial Corp.*, C.A. No. 97-5400 (E.D. Pa. Dec. 7, 1998) (Katz, J.) (approving the hourly rates in statutory fee litigation under federal consumer statutes), opinion on the merits reported at 24 F. Supp. 2d 444 (E.D. Pa. 1998).

8.     The Firm, to date, has also expended a total of $8,076.67 in unreimbursed expenses in connection with the prosecution of the Litigation.  These expenses, as reflected on Exhibit "2", consist of court filings and process fees, investigative fees, copying costs, postage and facsimile charges, transportation and travel expenses, computer and research charges, and mediation-related costs.

9.     These expenses are reflected in the books and records of Donovan Litigation Group, LLC and have been prepared from expense vouchers, receipts, statements and other records and are a true and accurate summary of the expenses incurred in the Litigation.  The expenses for which reimbursement is sought all were necessarily incurred and are reasonable in amount.

10.    Attached as Exhibit "3" is the firm biography of Donovan Litigation Group, LLC, which further supports the Motion for an Award of Attorney's Fees and Expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 11th day of January, 2017, in Berwyn, Pennsylvania.

Dated: January 11, 2017

_____
MICHAEL D. DONOVAN

4

# EXHIBIT A

## IN RE: MITSUBISHI MEDIUM DUTY TRUCK LITIGATION

## TIME REPORT
## DONOVAN LITIGATION GROUP LLC
1055 Westlakes Drive, Ste 155
Berwyn, PA  19312

*From  Inception through January 11, 2017*

| ATTORNEY NAME | Status | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|
| Michael D. Donovan | P | 395.50 | $850.00 | $336,175.00 |
| Christian C. Koerner | PL | 136.80 | $265.00 | $36,252.00 |
| | | | | |
| **TOTALS** | | **532.30** | | **$372,427.00** |

Status: P=Partner, A=Associate, PL=Paralegal

# EXHIBIT B

# IN RE: MITSUBISHI MEDIUM DUTY TRUCK LITIGATION

## EXPENSE REPORT
### DONOVAN LITIGATION GROUP LLC
1055 Westlakes Drive, Ste 155

Berwyn, PA  19312

| Description | Cumulative Total |
|---|---|
| Reproduction/Copies | $28.75 |
| Filing Fees | $291.66 |
| Legal Research (WestLaw) | $1,400.00 |
| Travel Expenses | $6,356.26 |
|  |  |
| **TOTAL EXPENSES** | $8,076.67 |

# EXHIBIT C

# DONOVAN LITIGATION GROUP, LLC

1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
Phone 610-647-6067
Fax 610-647-7215
www.donovanlitigationgroup.com

DONOVAN LITIGATION GROUP, LLC, located in Berwyn, Pennsylvania, is a law firm dedicated to providing first class litigation services to investors, consumers and small businesses. The firm's principals have substantial trial and appellate court experience prosecuting complex commercial and consumer cases. The founding member of the firm has appeared or argued before the United States Supreme Court, various federal and state appellate courts, the state Supreme Courts of New Jersey and Pennsylvania and federal and state trial courts throughout the country. The firm's nationwide practice focuses on class actions, shareholders' rights, consumer and commercial litigation as well as employment-related disputes. The firm strives to provide consumers, investors and small businesses with the type of sophisticated, in-depth representation that is ordinarily available only to the largest corporate clients of money-center law firms.

MICHAEL D. DONOVAN, a founding member of the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second, Third, Eighth, Ninth and Tenth Circuits, the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, the United States District Courts for the Southern and Eastern Districts of New York as well as the state courts of Pennsylvania and New York and the courts of Washington, D.C. He is a graduate of Vermont Law School (J.D. cum laude 1984) and Syracuse University (A.B. 1981). He was the Head Notes Editor and a staff member of the VERMONT LAW REVIEW from 1982 through 1984. While on the LAW REVIEW, he authored Note, Zoning Variance Administration in Vermont, 8 VT. L. REV. 370 (1984). Following graduation from law school, Mr. Donovan was a trial and appellate attorney with the Securities and Exchange Commission in Washington, D.C., where he prosecuted numerous securities cases and enforcement matters, including injunctive and disciplinary actions against public companies, broker/dealers and accounting firms. Mr. Donovan has authored "Rigorous Analysis of the Class Action Burden of Proof," ABA Newsletter of the Class Action and Derivative Suits Committee, Spring 2007, and co-authored Preserving Judicial Recourse for Consumers: How to Combat Overreaching

1

<u>Arbitration Clauses</u>, 10 LOYOLA CONSUMER L. REV. 269 (1998); "The Overlooked Victims of the Thrift Crisis," <u>Miami Review</u>, Feb. 13, 1990; and "Conspiracy of Silence: Why S&L Regulators Can't Always Be Trusted," <u>Legal Times</u>, Feb. 5, 1990.

Mr. Donovan has served as co-lead counsel in the following securities class actions: <u>In re Sunterra Corp. Securities Litigation</u>, No. 6:00-cv-79-Orl-28B (M.D. Fla. 2005) (settled for $5,450,000); <u>In re: Worldport Communications, Inc. Securities Litigation</u>, No. 1-99-CV-1817-CC (N.D. Ga. 2001) (settled for $5,100,000); <u>Lines v. Marble Financial Corp.</u>, Nos. 90-23 and 90-100 (D. Vt. 1991)(settled for $2 million together with substantial changes to the company's loan loss reserve procedures); <u>Jones v. Amdura Corp.</u>, No. 90-F-167 (D. Colo. 1991) (action against directors settled for $4,962,500 and against company after bankruptcy for $1.2 million); <u>In re Columbia Shareholders Litigation</u> (Del. Ch. 1991)(merger case settled for $2 per share increase in amount paid to shareholders); <u>Rosen v. Fidelity Investments</u>, [1995-1996] Fed. Sec. L. Rep. ¶ 98,949 (E.D. Pa. Nov. 28, 1995) (opinion certifying class of mutual fund purchasers); <u>Selis v. KTI, Inc.</u>, No. 2:00 CV 1478 (JCL) (D.N.J. 2000) (settled for $3.8 million). In addition, Mr. Donovan has had a substantial role in the prosecution of the following cases, among others: <u>In re Trustcorp Securities Litigation</u>, No. 3:89-CV-7139 (N.D. Ohio 1990) (settled for $5,600,000); <u>Moskowitz v. Lopp</u>, 128 F.R.D. 624 (E.D. Pa. 1989) (opinion certifying class of stock and option purchasers in fraud on the market and insider trading case); <u>In re Hercules Corporation Securities Litigation</u>, No. 90-442 (D. Del. 1992) (settled for $17.25 million).

In the area of consumer justice, Mr. Donovan has argued before the Supreme Court of the United States in <u>Smiley v. Citibank (South Dakota), N.A.</u>, No. 95-860, 116 S. Ct. 806 (argued Apr. 24, 1996) and obtained favorable appellate rulings from the New Jersey Supreme Court in <u>Sherman v. Citibank (South Dakota), N.A.</u>, 668 A.2d 1036 (N.J. 1995) and <u>Hunter v. Greenwood Trust Co.</u>, 668 A.2d 1067 (N.J. 1995) and from the Pennsylvania Superior Court in <u>In re Citibank Credit Card Litigation</u>, 653 A.2d 39 (Pa. Super. 1995) and <u>Gadon v. Chase Manhattan Bank</u>, N.A., 653 A.2d 43 (Pa. Super. 1995). Mr. Donovan obtained a landmark Truth in Lending Act decision from the Court of Appeals for the Third Circuit in <u>Rossman v. Fleet Bank (R.I.), N.A.</u>, 280 F.3d 384 (3d Cir. 2002), holding that a bank may not change a credit card promise of no annual fee. He also obtained landmark decisions from the Appellate Division of the New Jersey Superior Court and the New Jersey Supreme Court in <u>Lemelledo v. Beneficial Finance Co.</u>, 674

2

A.2d 582 (N.J. App. Div. 1996), aff'd, 150 N.J. 255, 696 A.2d 546 (N.J. 1997), concerning loan and insurance packing.

In May 2005, together with co-counsel, Mr. Donovan tried to jury verdict a Pennsylvania statewide consumer class action against Kia Motors America, Inc., concerning the defective brake system on the 1997-2000 models of the Kia Sephia automobile. After a two-week trial, the jury returned a verdict of $600 per class member, for an aggregate class-wide verdict of $5.4 million. Samuel-Bassett v. Kia Motors America, Inc., 2006 WL 3949458 (Pa. Com. Pl. Dec. 28, 2006) (denying post-trial motions of defendant). In October 2007, the Pennsylvania Superior Court affirmed the judgment, and in February 2008 it affirmed the award of $4.4 million in attorney fees and expenses. In December 2011, the Pennsylvania Supreme Court affirmed the class action verdict but remanded the attorney fee award for recalculation by the trial court. Samuel-Bassett v. Kia Motors America, Inc., 34 A.3d 1 (Pa. 2011), cert. denied, 133 S. Ct. 51 (2012). Mr. Donovan briefed and argued both of the appeals.

In September and October 2006, Mr. Donovan tried to jury verdict a Pennsylvania statewide employee class action against Wal-Mart Stores, Inc., concerning Wal-Mart's failure to pay its hourly employees for missed breaks and off-the-clock work. After a six-week trial, the jury returned a verdict for the Class in the amount of $78.4 million. In October 2007, the Court awarded an additional $62 million in liquidated damages under the Pennsylvania Wage Payment and Collection Law, $10.2 million in prejudgment interest and approximately $46 million in attorney fees and costs. See Braun v. Wal-Mart Stores, Inc., 2005 WL 3623389 at *5 - *7 (Pa. Com. Pl. Dec. 27, 2005) (opinion certifying class). In June 2011, the Pennsylvania Superior Court affirmed the class judgment but remanded the attorney fee award for recalculation by the trial court. Braun v. Wal-Mart Stores, Inc., 24 A.3d 875 (Pa. Super. 2011). In 2014, the Pennsylvania Supreme Court affirmed. Braun v. Wal-Mart Stores, Inc., 106 A.3d 656 (Pa. 2014). The Supreme Court of the United States denied certiorari in April 2016. Wal-Mart Stores, Inc. v. Braun, 2016 WL 1278628 (U.S. Apr. 4, 2016) (Order List). Mr. Donovan briefed and argued the appeals on behalf of the class.

In May and June 2008, along with co-counsel, Mr. Donovan tried to jury verdict a New Jersey statewide class action against Kia Motors America, Inc., concerning the defective brake system on the 1997-2000 models of the Kia Sephia automobile. After a five-week trial, the jury returned a verdict of $750 per class member, for an aggregate class-wide verdict of approximately $6.0 million. Little v. Kia Motors America, Inc., No. UNN-L-0800-01006 (N.J. Super. (Union Cty.)

verdict entered June 6, 2008). In post-trial proceedings, the trial court vacated the damages verdict and ordered class member claims proceedings. The case is currently on appeal to the Appellate Division of the New Jersey Superior Court.

In January 2009, Mr. Donovan tried to the Court a consolidated shareholder derivative and class action challenging the proposed merger of Banco Santander, S.A. and Sovereign Bancorp, Inc., In re Sovereign Bancorp, Inc. Shareholders Litigation, No. 110802587 (Phila. C.P. filed 2008). After the nearly two-week trial, the parties agreed to a substantial settlement that modified the terms of the proposed acquisition. The class action and derivative settlement was finally approved by the Court in April 2009.

Mr. Donovan has provided testimony before the United States Senate Committee on Banking, Housing and Urban Affairs (Jan. 25, 2007) concerning the CARD Act and before the House of Representatives Subcommittee on Commercial and Administrative Law, Committee on the Judiciary, concerning the Arbitration Fairness Act (Apr. 29, 2009). He also has appeared as a panel speaker and presenter at the American Bar Association's National Class Action Institute, the American Law Institute's Forum on Class Actions and Aggregate Litigation, the Pennsylvania Bar Institute's Banking Law Update, the Practicing Law Institute's Financial Services Litigation Forum, the Consumer Credit Regulation Forum of the New Jersey Bar Association, and the National Consumer Rights Litigation Conference sponsored by the National Consumer Law Center. Mr. Donovan is a member of the American Bar Association (Litigation and Business Law Sections), the Philadelphia Bar Association, the New York Bar Association, and the District of Columbia Bar Association. He is the Chair of the Consumer Law Subcommittee of the ABA Litigation Section's Class Actions and Derivative Suits Committee. He is also the former Vice Chair of the National Association of Consumer Advocates and an active member of Public Justice.

Mr. Donovan received the 2009 Vern Countryman Award for Excellence in Consumer Law awarded by the National Consumer Law Center and was a 2007 Trial Lawyer of the Year Finalist recognized by Public Justice. In March 2016, the firm received an Excellence Award from the Pennsylvania Legal Aid Network.

Among other cases, the firm has been approved as class counsel in the following recent class actions: Chakejian v Equifax Information Services, LLC, 256 F.R.D. 492 (E.D. Pa. 2009); Barel v. Bank of America, 255 F.R.D. 393 (E.D. Pa. 2009); Markocki v. Old Republic National Title Ins. Co., 254 F.R.D. 242 (E.D. Pa. 2008); Strausser v. ACB Receivables Management, Inc., 2008 WL 859224

(E.D. Pa. Mar. 28, 2008); <u>Allen v. Holiday Universal, Inc.</u>, 249 F.R.D. 166 (E.D. Pa. 2008); <u>Cohen v. Chicago Title Insurance Company</u>, 242 F.R.D. 295 (E.D. Pa. 2007); <u>Jordan v. Commonwealth Financial Systems, Inc.</u>, 237 F.R.D. 132 (E.D. Pa. 2006); <u>Braun v. Wal-Mart Stores, Inc.</u>, 2005 WL 3623389 (Pa.Com.Pl. Dec. 27, 2005); <u>Perry v. FleetBoston Financial Corp.</u>, 229 F.R.D. 105 (E.D. Pa. 2005); <u>Beck v. Maximus, Inc.</u>, 2005 WL 589749 (E.D. Pa. March 11, 2005); <u>Stoner v. CBA Information Services</u>, 352 F.Supp.2d 549 (E.D. Pa. 2005); <u>Orloff v. Syndicated Office Systems, Inc.</u>, 2004 WL 870691 (E.D. Pa. April 22, 2004); <u>Petrolito v. Arrow Financial Services, LLC</u>, 221 F.R.D. 303 (D. Conn. 2004); <u>Piper v. Portnoff Law Associates, Ltd.</u>, 216 F.R.D. 325 (E.D. Pa. 2003); <u>Bonett v. Education Debt Services, Inc.</u>, 2003 WL 21658267 (E.D. Pa. 2003); <u>Samuel-Bassett v. Kia Motors America, Inc.</u>, 212 F.R.D. 271 (E.D. Pa. 2000), vacated on other grounds; <u>Oslan v. Law Offices of Mitchell N. Kay</u>, 232 F. Supp. 2d 436 (E.D. Pa. 2002); <u>Oslan v. Collection Bureau of Hudson Valley</u>, 206 F.R.D. 109 (E.D. Pa. 2002); <u>Saunders v. Berks Credit & Collections</u>, 2002 WL 1497374 (E.D. Pa. 2002); <u>Schilling v. Let's Talk Cellular and Wireless</u>, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002); <u>Fry v. Hayt, Hayt and Landau</u>, 198 F.R.D. 461 (E.D. Pa. 2000); <u>Smith v. First Union Mortgage Corporation</u>, 1999 WL 509967 (E.D. Pa. 1999).