# Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC, LAWRENCE BARTON d/b/a LEGEND MEATS, LLC; ENCORE PIANO & ORGAN MOVING, LLC; ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC, and WEST LUMBER & BUILDING SUPPLY CORP; individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MITSUBISHI FUSO TRUCK OF AMERICA, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 14-cv-06046-MAS-DEA |

## DECLARATION OF LAWRENCE BARTON IN SUPPORT OF CLASS COUNSEL'S MOTION

THE UNDERSIGNED, Lawrence Barton, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the owner of Legend Meats, LLC ("Legend Meats"), a sole proprietorship located in Gorman, Texas, and I am one of the named Plaintiffs and Class Representatives in the above-captioned case.

2. I submit this Declaration in support of Class Counsel's Motion For an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards concerning the class action

captioned *Q+Food, LLC, et al. v. Mitsubishi Fuso Truck of America, Inc.* ("Mitsubishi Truck Class Action").

3. The Mitsubishi Truck Class Action involves claims brought on behalf of myself, doing business as Legend Meats, and all others similarly situated for the manufacture of defective commercial trucks by Mitsubishi Fuso Truck of America, Inc. ("MFTA") as further detailed by my experience described below.

4. Legend Meats is in the business of raising and distributing free range gourmet meats. Its principal place of business is located at 770 County Road 195, Gorman, Texas 76454.

5. Legend Meats purchased a new 2012 Mitsubishi Fuso FE180, VIN No. JL6CRH1A1CK0122893 ("Truck"), on or about July 24, 2012 from MFTA's authorized dealer, North Jersey Truck Center in Elmwood Park, New Jersey.

6. On May 1, 2015, the Truck shut down resulting in turbo failure, and the Truck failed to regenerate, requiring service by Dallas Trailer Repair Co., Inc. to make the Truck operable. The turbo was removed and the repair service noted that "it had failed and found excessive oil in the intake." The turbo and DPF were replaced "due to the turbo failing and filling it with oil." A regeneration was run without completion and the Truck was test-driven. A second regeneration was run and still would not complete. The Truck's injectors were replaced and a third regeneration was finally run to completion. The repair service "ran two more regns to clean the DPF and catalytic converter." The Truck was not available for over a month.

7. On June 10, 2015, the same defect manifested, resulting in, *inter alia*, an engine fire, requiring service to make the Truck operable. The engine and transmission were removed and the engine wiring harness was replaced, along with fuel and brake lines. Multiple "codes for low power" and "six blown fuses" were revealed, and the fuses were replaced. A manual

regeneration was run; however, when attempting to place the Truck in gear, "the shifter would not move." After several replacements, the transmission was programmed and the repair service "performed a relearn on the transmission and performed a manual bleeding on the abs" and the vehicle was test driven. The Truck was not available for another eight weeks.

8. After recognizing that MFTA had placed into commerce numerous trucks having similar defects as the Truck purchased by me for Legend Meats, I decided to bring a claim for class-wide relief against MFTA on behalf of myself and all persons similarly situated who purchased or leased a defective truck from MFTA.

9. In furtherance of my retention of Attorney Goldich to represent me as Class Representative, I reviewed in detail and executed an agreement containing the duties of a Class Representative to the members of the Class under the Federal Rules of Civil Procedure. I understand the duties and have agreed to comply with the provisions therein.

10. In furtherance of the efforts to obtain relief for the Class, I have assisted Attorney Goldich and Co-Counsel, James Shah, Michael Donovan, Robert W. Murphy, and Natalie F. Bennett (collectively "Class Counsel") in the prosecution of this action. My efforts have included, among other things, numerous telephone conferences with Class Counsel and organizing the records for Legend Meats with respect to the repairs for the Truck and to document the damages sustained.

11. In addition to the time spent investigating the claims and organizing records, and organizing records and information about the Trucks and their problems, I was personally available by telephone to discuss the details of the case and to discuss settlement with Class Counsel, as necessary, during mediation sessions conducted with the Honorable Edward A. Infante (retire) of JAMS in San Francisco, California.

12. Following the last mediation, the parties continued settlement negotiations for several months while the specific terms for the Class benefits and administration were negotiated. After several more weeks of negotiation, a Class Action Settlement Agreement ("Settlement Agreement") was reached between the parties, which provided for benefits for all persons who had the same experience with respect to defective trucks manufactured by MFTA.

13. I understand the material terms of the Settlement Agreement includes:

    a. <u>Settlement Fund</u> - that MFTA will establish a settlement fund of $17,500,000.00 to pay monetary benefits to Settlement Class Members, after payment of attorney's fees, settlement administration expense and other related charges. The distribution to Settlement Class Members will depend on the number of "qualified repairs" during the ownership period of the Settlement Class Members or, alternatively, the amount of certain consequential losses that Class Members can prove with documentation, up to $10,000 for each truck.

Case 3:14-cv-06046-DEA   Document 59-8   Filed 01/12/17   Page 6 of 6 PageID: 760

b. **Buy-Back Option** - that in addition to monetary payment, a Settlement Class Member who currently owns or leases a subject vehicle, and who has had nine (9) or more qualified repairs, and a mileage of at least 110,000 miles and has not had an emissions recall performed, may request that the vehicle be bought back for fair market value.

c. **Attorney's Fees, Costs and Other Expenses** - that Class Counsel seek an award of attorney's fees of up to a maximum of 25% of the Settlement Fund, plus reimbursement of reasonable expenses not to exceed $100,000.00.

14. I understand that the Settlement Agreement provides that I will receive fifteen thousand dollars ($15,000.00) as compensation for my services ("Representative Compensation"). I understand that the Representative Compensation is subject to approval by the Court in its sound discretion.

15. Based on the information made known to me concerning the issues in the Mitsubishi Truck Class Action, including defenses of MFTA, I believe that the Settlement Agreement is in the best interest of the Class and should be approved.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 29 day of December, 2016 in _____.

_____
Lawrence Barton