# Exhibit 10

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Q+ FOOD, LLC, LAWRENCE BARTON d/b/a LEGEND MEATS, LLC; ENCORE PIANO & ORGAN MOVING, LLC; ALL AMERICAN MOVING AND STORAGE DELIVERY, LLC, and WEST LUMBER & BUILDING SUPPLY CORP; individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MITSUBISHI FUSO TRUCK OF AMERICA, INC., <br><br> Defendant. | CIVIL ACTION NO. 14-cv-06046-MAS-DEA |

**DECLARATION OF MATT REESE IN SUPPORT
OF CLASS COUNSEL'S MOTION**

THE UNDERSIGNED, Matt Reese, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Vice President of West Lumber & Building Supply Corp. ("West Lumber"), a Pennsylvania corporation and one of the named Plaintiffs and Class Representatives in the above-captioned case.

2. I submit this Declaration in support of Class Counsel's Motion For an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards concerning the class action captioned *Q+Food, LLC, et al. v. Mitsubishi Fuso Truck of America, Inc.* ("Mitsubishi Truck Class Action").

3. The Mitsubishi Truck Class Action involves claims brought on behalf of West Lumber and all others similarly situated for the manufacture of defective commercial trucks by Mitsubishi Fuso Truck of America, Inc. ("MFTA") as further detailed by my experience described below.

4. West Lumber is a lumber yard and building supply company with a principal place of business located at 7315 Marshall Rd., Upper Darby, Pennsylvania 19082.

5. On or around November 18, 2015, West Lumber purchased a used 2012 Mitsubishi Fuso FE180, VIN No. JL6CRH1A2CK000011 ("Truck"), from a MFTA-authorized dealer, AM Mitsubishi Fuso Inc. Truck Center ("AM Mitsubishi") in Philadelphia, Pennsylvania.

6. The Truck came with the remaining factory powertrain warranty.

7. On or around December 14, 2015 – less than a month after purchase – the Truck required service by AM Mitsubishi because the check engine light illuminated and the transmission was making noise and "shifting hard." Technicians replaced the transmission as well as four hose clamps, the injector rail, and the injector pump. Oil was added, some additional work – such as a "cold weather update" – was performed, and the codes were cleared. The Truck was unavailable until December 19, 2015.

8. About two weeks later, on or about January 5, 2016, the check engine light illuminated and the Truck lost all power during operation. It had to be towed to AM Mitsubishi, where technicians replaced the DEF tank, reprogrammed the EEC, changed the oil, replaced the oil filter, and cleared the codes. The Truck was not available until January 11, 2016.

9. On January 11 – the same day West Lumber picked the Truck up from AM Mitsubishi – the check engine light illuminated and the truck began experiencing transmission issues. Namely, the truck was shifting into first gear at inappropriate times. Employees of AM

Mitsubishi retrieved the truck for repair. Subsequent issues and related repairs occurred again in March of 2016.

10. After recognizing that MFTA had placed into commerce numerous trucks having similar defects as the Truck purchased by West Lumber, I decided to bring a claim for class-wide relief against MFTA on behalf of West Lumber and all persons similarly situated who purchased or leased a defective truck from MFTA.

11. In furtherance of my retention of Attorney Goldich to represent West Lumber as Class Representative, I reviewed in detail and executed an agreement containing the duties of a Class Representative to the members of the Class under the Federal Rules of Civil Procedure. I understand the duties and have agreed to comply with the provisions therein.

12. In furtherance of the efforts to obtain relief for the Class, I have assisted Attorney Goldich and Co-Counsel James Shah, Michael Donovan, Robert W. Murphy, and Natalie F. Bennett (collectively "Class Counsel") in the prosecution of this action. My efforts have included, among other things, numerous telephone conferences and email communications with Class Counsel and organizing the records for West Lumber with respect to the repairs for the Truck and to document the damages sustained.

13. In addition to the time spent investigating the claims, and organizing records and information about the Trucks and their problems, I was personally available by telephone to discuss the details of the case and to discuss settlement with Class Counsel, as necessary, during mediation sessions conducted with the Honorable Edward A. Infante (retire) of JAMS in San Francisco, California.

14. Following the last mediation, the parties continued settlement negotiations for several months while the specific terms for the Class benefits and administration were negotiated. After several more weeks of negotiation, a Class Action Settlement Agreement ("Settlement

Agreement") was reached between the parties, which provided for benefits for all persons who had the same experience with respect to defective trucks manufactured by MFTA.

15. I understand the material terms of the Settlement Agreement includes:

a. <u>Settlement Fund</u> - that MFTA will establish a settlement fund of $17,500,000.00 to pay monetary benefits to Settlement Class Members, after payment of attorney's fees, settlement administration expense and other related charges. The distribution to Settlement Class Members will depend on the number of "qualified repairs" during the ownership period of the Settlement Class Members or, alternatively, the amount of certain consequential losses that Class Members can prove with documentation, up to $10,000 for each truck.

b. <u>Buy-Back Option</u> - that in addition to monetary payment, a Settlement Class Member who currently owns or leases a subject vehicle, and who has had nine (9) or more qualified repairs, and a mileage of at least 110,000 miles and has not had an emissions recall performed, may request that the vehicle be bought back for fair market value.

c. <u>Attorney's Fees, Costs and Other Expenses</u> - that Class Counsel seek an award of attorney's fees of up to a maximum of 25% of the Settlement Fund, plus reimbursement of reasonable expenses not to exceed $100,000.00.

16. I understand that the Settlement Agreement provides that I will receive fifteen thousand dollars ($15,000.00) as compensation for my services ("Representative Compensation"). I understand that the Representative Compensation is subject to approval by the Court in its sound discretion.

17. Based on the information made known to me concerning the issues in the Mitsubishi Truck Class Action, including defenses of MFTA, I believe that the Settlement Agreement is in the best interest of the Class and should be approved.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 28 day of Dec, 2016 in Upper Darby PA.

_____
Matt Reese